David BYWATERS et ux., Petitioners,

v.

Frederic G. GANNON et al., Respondents.

No. C–2858.

Supreme Court of Texas.

Feb. 20, 1985.

Rehearing Denied April 3, 1985.

Allen, Knuths & Cassell, Robert F. Henderson, Dallas, for petitioners.

F. Ward Steinbach and R. Scott Steinbach, Frederic G. Gannon, Dallas, for respondents.

RAY, Justice.

In 1980, the Gannons, two brothers and a sister, brought a trespass to try title suit against their next-door neighbors, the Bywaters, alleging that they acquired title by adverse possession to property claimed by the Bywaters. TEX.REV.CIV.STAT.ANN. article 5510 (Vernon 1958). The trial court, based on a jury verdict, rendered judgment for the Bywaters. The court of appeals reversed the judgment of the trial court and rendered judgment for the Gannons. 669 S.W.2d 756. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

The Gannons' parents purchased their lot in 1936 and in 1941 built their home on it. Even before they bought their lot, the subdivision developer planted a small privet hedge near the platted property line. In 1955 when the Bywaters purchased the adjoining lot, the hedge had already grown to a width of seven feet, veering over the property line.

This dispute arose in 1980 when Mr. Bywaters reviewed a survey map of the lots and decided to erect a fence on the property line. This required Bywaters to clear a triangular area of hedge growth, approximately eight feet wide at its base and tapering to a point some 192 feet away. When the Bywaters cleared the hedge, the Gannons brought this trespass to try title action, asserting title by adverse possession to the entire area once covered by the hedge. TEX.REV.CIV.STAT.ANN. article 5510 (Vernon 1958).

At trial, the jury found that the Gannons had not established title by adverse possession and accordingly, the trial court rendered judgment for the Bywaters. When the Gannons appealed, the Bywaters failed to timely submit their appellees' brief. Consequently, the court of appeals employed Tex.R.Civ.P. 419 [1] and limited the statement of facts to those contained in the Gannons' brief. Considering only those facts, the court of appeals reversed the trial court and rendered judgment for the Gannons.

Before this court, the Bywaters assert that the court of appeals erred in

---

**1.** Rule 419 provides:

Any statement made by appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by opposing party.

holding that the Gannons established adverse possession to the disputed property. The court of appeals held that the trial court should have instructed a verdict for the Gannons. An instructed verdict, however, is warranted only when the evidence conclusively demonstrates that no other verdict could be rendered. *White v. White*, 141 Tex. 328, 172 S.W.2d 295, 296 (1943). Also, the question of adverse possession normally is a question of fact, so only in rare instances is a court justified in holding that adverse possession has been established as a matter of law. *DeArman v. Surls*, 618 S.W.2d 88, 91 (Tex.Civ.App.—Tyler 1981, writ ref'd n.r.e.). In order to establish adverse possession as a matter of law, the claimant must show by undisputed evidence his actual peaceable and adverse possession of the property continuously for more than ten years. Also, the claimant must submit undisputed and conclusive evidence of probative force on each essential element of adverse possession, and inferences are never indulged in his favor. *Dunn v. Taylor*, 102 Tex. 80, 113 S.W. 265, 267 (1908); *Hubbard v. Parkman*, 398 S.W. 401, 403 (Tex.Civ.App.—Waco 1965, writ ref'd n.r.e.). Since adverse possession is statutorily defined as "an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another," Tex.Rev.Civ.Stat.Ann. art. 5515 (Vernon 1968), the Gannons were required to prove conclusively that they satisfied all the requirements of this definition.

■ Our examination of the Gannon's statement of the case in their appellants' brief leads us to disagree with the result reached by the court of appeals. The only statements made by the Gannons in their brief to support the holding that they adversely possessed the property as of 1951 are:

> [t]he Gannons always claimed all property up to this North hedge line and this hedge was maintained, clipped, preserved, watered and nurtured by the Gannons and there was no serious intru-

sion on this hedgeline until 1980. There was no claim against the Gannons' property during the years 1941–1959.

These statements, however, are insufficient to support a holding that the Gannons conclusively proved adverse possession as a matter of law. The fact that the Gannons claimed the property does not satisfy their burden to tender conclusive evidence on each essential element of adverse possession in order to prevail as a matter of law. Neither is the Gannons' statement that they maintained, clipped, preserved, watered and nurtured the hedge conclusive evidence to support adverse possession. Since mowing the grass and planting flowers does not constitute a hostile character of possession sufficient to give notice of an exclusive adverse possession, it stands to reason that maintaining a hedge does not either. *Miller v. Fitzpatrick*, 418 S.W.2d 884, 890 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n.r.e.); *Surkey v. Qua*, 173 S.W.2d 230, 232 (Tex.Civ.App.—San Antonio 1943, writ dism'd w.o.m.).

We hold that the Gannons did not establish adverse possession of the disputed property as a matter of law. Consequently, we reverse the judgment of the court of appeals and affirm the judgment of the trial court.

McGEE, J., notes his dissent.