**Bertha PUENTE, Appellant,**

v.

**A.S.I. SIGNS, Appellee.**

**No. 13-91-125-CV.**

Court of Appeals of Texas, Corpus Christi.

Dec. 12, 1991.

Rehearing Overruled Jan. 19, 1992.

William J. Tinning, Law Office of William J. Tinning, Corpus Christi, for appellant.

Kevin B. Finkel, Meredith, Donnell & Abernethy, Corpus Christi, for appellee.

Before GILBERTO HINOJOSA, KENNEDY and DORSEY, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

This is a negligence case in which the trial court granted an instructed verdict for the defendant. Puente, the plaintiff, was injured by a sign which fell on her head while she was working in Spohn Hospital. She sued A.S.I. Signs, appellee, even though it was undisputed that A.S.I. did not manufacture, design, or install the sign which fell. Her sole theory of recovery was that A.S.I. owed a duty of care to Puente because A.S.I. inspected or should have inspected the sign. This duty to inspect allegedly arose when A.S.I.'s employees went on the property to install other signs. A.S.I. was granted an instructed verdict at the close of plaintiff's case because it owed no duty to the plaintiff. We affirm.

By appellant's first through fourth points of error she complains that the trial court erred in granting the instructed verdict. An instructed verdict is proper if the evidence conclusively demonstrates that no other verdict could be rendered. *Bywaters v. Gannon*, 686 S.W.2d 593, 595 (Tex.1985). To determine whether an instructed verdict should be granted, the trial court and this court apply essentially the same standard: whether all the evidence, viewed in the light most favorable to the plaintiff, raises any issue of material fact. *Garza v. Maverick Mkt., Inc.*, 768 S.W.2d 273, 276 (Tex.1989).

To prevail in a negligence action, the plaintiff must prove the existence and violation of a legal duty owed to her by the defendant. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). This is the threshold inquiry in a negligence action. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987). Whether a duty exists is a question of law for the court to decide from the facts surrounding the event. *Phillips*, 801 S.W.2d at 525.

In Puente's fourth amended petition she alleged that A.S.I. owed her a duty of care because it failed to inspect and detect the dangerous sign, and assumed a duty to detect the dangerous sign by inspecting the premises and selling other signs to the hospital.

The evidence supporting the existence of a duty, viewed in the light most favorable to appellant, reveals that the sign which fell and injured appellant was made, designed, and installed by another company. The evidence merely showed that A.S.I. sold signs to Spohn after the sign in question was installed by another company. No evidence showed a contractual duty or an assumed duty on the part of A.S.I. to inspect or maintain the sign which fell.

Appellant's expert testified that in his opinion, the sign was not in compliance with the applicable building codes. He also opined that appellee owed a duty of care to appellant to identify the sign's dangerous condition and to bring the sign into compliance with building codes. The failure to recognize the danger and correct it, he stated, was negligence proximately causing Puente's injury. The expert's is the only testimony supporting any theory of duty in this case. Appellant argues that this is sufficient evidence to allow submission of the case to the jury.

Appellee argues that an expert may not testify regarding whether a duty exists under a particular set of facts because that

question is exclusively for the court. *St. Paul Ins. Co. v. Rahn,* 641 S.W.2d 276, 283–84 (Tex.App.—Corpus Christi 1982, no writ). Accordingly, appellee argues no evidence supports the proposition that a duty existed, and therefore the directed verdict was proper.

Rule 704 of the Texas Rules of Civil Evidence, provides: "Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." This rule permits an expert to testify to ultimate issues which are mixed questions of law and fact, such as whether particular conduct constitutes negligence. *Birchfield v. Texarkana Memorial Hosp.,* 747 S.W.2d 361, 365 (Tex. 1987).

This rule is not authority for permitting an expert to give an opinion or state a legal conclusion regarding a question of law. Such questions are not "an ultimate issue to be decided by the trier of fact." Questions on duty are for the court. *Phillips,* 801 S.W.2d at 525.

■ If the plaintiff seeks to establish that a duty exists, this may be accomplished through expert testimony; however, the expert must articulate the underlying factual basis of the conclusion that a duty exists. The expert's naked legal conclusion that a duty exists has no probative value, and without more, is not sufficient to carry the plaintiff's burden.

In the instant case, the record indicates that the facts supporting the expert's conclusion were that A.S.I. had personnel in the hospital before the accident and that they did not identify the sign's hazardous condition or take steps to correct the dangerous condition. These facts do not support the conclusion that A.S.I. owed a duty to Puente. Rather, the undisputed evidence established that A.S.I. owed no duty to inspect and correct a dangerous condition in a sign designed, manufactured, and installed by another company for which A.S.I. had no agreement, express or implied, to maintain or inspect. Appellant's four points of error are overruled.

The trial court's judgment is AFFIRMED.