Opinion issued August 12, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00140-CV

———————————

The Allen and MarthA Lewis Revocable Trust and MarthA Lewis,
IndividualLY,
Appellants

V.

Daniel PERALES
and Erin Perales,
Appellees



 



 

On Appeal from the 55th District Court

Harris County, Texas



Trial Court Case No. 0808471

 



 

MEMORANDUM OPINION

          Appellants,
the Allen and Martha Lewis Revocable Trust and Martha A. Lewis, individually
(“Lewis”), sued Daniel and Erin Perales (“Perales”) to establish title to land
by adverse possession.[1]  Lewis appeals the trial court’s grant of
Perales’s motion for summary judgment, arguing that the trial court erred: (1)
in failing to rule on or refusing to sustain Lewis’s special exception
complaining that Perales’s no-evidence motion for summary judgment was legally
insufficient as a matter of law; (2) in failing or refusing to rule on the
special exception, evidentiary objections, and motion for leave because it had
a legal duty to do so and denied Lewis a proper record for review; (3) in
granting Perales’s motion for summary judgment because Lewis raised genuine
issues of material fact and thus Perales was not entitled to judgment as a
matter of law; and (4) alternatively, in overruling Lewis’s evidentiary
objections, because such errors were calculated to render an improper judgment.

          We
affirm.

BACKGROUND

          Lewis
purchased Lot Nine in Block Two of Replat of Del Monte, Section Two, at 5238
Piping Rock Lane, Houston, Texas (“Lot 9”) on August 29, 1954.  The conveyance included a five-foot easement
at the back of the property and an aerial easement.  On January 30, 2007, Lewis transferred the
property to the Allen and Martha Lewis Revocable Trust (“the trust”).  Perales purchased a neighboring property, Lot
Ten in Block Two of Replat of Del Monte, Section Two, at 5246 Piping Rock Lane,
Houston Texas (“Lot 10”), on December 27, 2007.

          In
January 2008, Perales had his property surveyed and learned that the property
line ran seven feet east of the existing fence that divided his yard from that
of Lewis.  Perales solicited bids to
landscape his yard, and, on January 4, 2008, notified Lewis that the fence
would be moved.  Perales also had a pecan
tree removed from the front portion of his property, where there was no
fence.  Lewis retained attorney Stephen
Baker, and on January 8, 2008, Baker sent a letter to Perales disputing the
boundary between the lots and claiming either that the survey was incorrect or that
Lewis had acquired the property by adverse possession.  Baker also argued that even if Lewis had not
acquired the property by adverse possession, he had acquired an easement on it
due to a sewer line that ran from the Lewis home under the disputed land.  On January 30, 2008, Lewis, through his
attorney, sent Perales a “Notice to Vacate” the disputed land.  Perales received the notice on February 5,
2008.

On February 11, 2008, Lewis sued
Perales for title to the disputed five-foot strip of land, acknowledging that
the disputed property was not included in his deed to Lot 9 but claiming
ownership by adverse possession under the ten-year limitations statute[2] and claiming that Perales thus
unlawfully ousted Lewis from the property. 
In his petition, Lewis alleged that he “first entered the Real Property,
described above [as the northwest 5.0 feet (adjoining lot 9) of Lot 10], on or
about August 19, 1954” and that he had “held the Real Property continuously in
peaceable and adverse possession from that date.”  He further alleged that he had “cultivated,
used, maintained, and enjoyed the real property.”  Lewis specifically alleged that he had
“exercised possession of said Real Property up to the fence line established in
the 1950’s between the then-neighbors” and that he had “planted a pecan tree
and grass, cultivated, maintained, used, and enjoyed the Real Property and dug
and installed an underground sewer line in the Real Property to service an
addition to [his] home [that was constructed in 1963].”

Lewis argued in the alternative
that he had acquired a prescriptive easement on “that portion of the Real
Property used for the sanitary sewer” added in 1963.  Lewis alleges that “the use of the easement
by The Lewis Trust and its predecessors-in-interest was and continued to be
open, notorious, hostile, exclusive, and continuous for 10 or more years before
this suit was filed.”  Lewis alleged that
the trust was the “current holder of the easement” and was thus “entitled to
use this easement for a sanitary sewer line and to have access for maintenance
thereof,” and that Perales interfered with these rights by building a new fence
“that enclosed the easement within [his] backyard and denied [Lewis] access to
and possession of said easement.”

Finally, Lewis pleaded a trespass
cause of action, alleging that Perales removed a pecan tree that was situated
on the disputed property.  The petition
also requested title and possession to the disputed property, a declaration of
the validity of the easement, actual and exemplary damages, attorney’s fees,
and costs.

          On
September 26, 2008, Perales filed a motion for summary judgment.  Perales argued:

Lewis offered no evidence
during litigation in this cause to show that he is entitled to the 5 feet of
land belonging to Perales, either by superior title or through any cognizable
act under the adverse possession doctrine. 
Accordingly, Perales is entitled to judgment under the no evidence
standard of summary judgment.  Even
assuming salient evidence had been offered, Lewis’ claims are baseless. . . .

 

Perales specifically stated that “Lewis has offered
no evidence regarding the date of the erection of [the fence along the back
portion of the disputed property] as necessary to show he satisfies the [ten]
year limitations period, or whether the fence falls within the allegedly
disputed [five-]foot strip of land.” 
Perales’s motion stated that his own predecessor in interest built the
fence, that “there is no evidence relating to when the fence was built, the
fence’s purpose or the reason it was built in a particular location” and that
“no dispute or hostile use of the fence existed . . . until Perales gave Lewis
notice that a new fence would be built.” 
Regarding the front portion of the disputed property, Perales argued
that Lewis “did not show any ‘actual and visible appropriation of real
property’” because the fact that he mowed the lawn and planted a pecan tree
“cannot constitute cultivation, use and enjoyment of the land as a matter of
law.”

          Regarding
Lewis’s claim to an easement, Perales’s motion argued that “Lewis failed to
produce any evidence relating to the existence or location of the sewer and
cannot show it is located on [Perales’s lot], or that it is within the [five]
feet of land that is the centerpiece of this action.”  Perales also stated: 

Lewis has offered no proof
that the sewer, even if it is located on the five feet of land on Lot 10, was noticed
within the last 10 years (open and notorious) or if it was a hostile (adverse)
use of the property.  Lewis has wholly
failed to raise any facts that would show that his sewer is located on Lot 10
[or] that any owner (other than Perales with this current action) was ever on
notice that Lewis was asserting hostile use of the land.  Instead the lack of evidence shows that Lewis
cannot demonstrate the ten year period of adverse use of the land on Lot 10 for
a sewer.

 

Perales further argued:

because there is no
easement, there is no interference with [Lewis’s] use of the easement.  Even if there were an easement, [Lewis] has
failed to provide evidence that Perales has interfered with [his] use of the
easement, especially where [Lewis] has failed to show the location or width of
the sewer pipe for which he claims an easement.

 

          Perales’s
motion also argued that Lewis’s trespass claim should fail because Lewis had acknowledged
in his pleading that the five-foot strip of land was not included in his deed
and was in fact contained in the legal description of Perales’s lot, and thus
the tree was not on Lewis’s property. 
Finally, Perales argued that Lewis was not entitled to attorney’s fees
or exemplary damages.  Perales attached
various pieces of evidence to his motion for summary judgment, including, among
other things, both his and Lewis’s deed records, a survey of Lot 10 (Perales’s
lot), and contractor recommendations regarding the pecan tree.

Lewis filed a response to Perales’s
motion for summary judgment asserting a special exception, arguing that Perales
failed to identify the specific elements of Lewis’s causes of action for which
there was no evidence, and making various objections to the evidence Perales
had submitted with his motion for summary judgment.  Lewis also argued that genuine issues of
material fact existed, arguing that, “although merely maintaining plantings may
be insufficient to constitute cultivation, the planting of vegetation such as
trees and shrubs is sufficient to constitute cultivation.”

Lewis’s response was accompanied by
the affidavits of Martha Lewis and Allen Lewis. 
Martha Lewis averred that, after Perales purchased the house next door,
he “had a pecan tree that my husband[, Allen Lewis,] had planted cut down and
removed.  [He] also had the existing
fence between our properties removed and erected a new fence closer to our
garage and driveway.”  She further
averred that there was a dispute between the Lewises and the Peraleses
“concerning a strip of land between [their] residences” and that Perales
“removed the tree and removed and relocated the fence over [the Lewises’]
objections.”  Allen Lewis’s affidavit
provided similar facts and also stated: 

Before any house was
constructed on the property now owned by the Perales[es], I planted,
cultivated, and maintained the grass on the 5 feet that was later discovered to
be part of Lot 10.  In 1963, I
transplanted a pecan tree on to the now-disputed 5 foot strip of land.  At the same time, a sewer line was installed
in the same 5 foot strip of Lot 10 along the side of our garage to service a
new addition to our home.  No person has
ever asserted any objection to our use of this 5 foot strip and has not shared
its use or enjoyment until the Perales did so in January 2008.

 

Perales argued that these
affidavits were insufficient to support Lewis’s claim of adverse possession
because “they demonstrate that the land was used with the permission of the
predecessor in interest to Perales” rather than showing that there was a
dispute regarding the use of the land or that the Lewis’s “‘possession’
interfered with the use of the land by the owner.”  Perales also pointed out that the affidavits
still did not state “when he mowed the lawn, nor how often he cultivated the
tree, not where exactly the sewer is located.”

On November 10, 2008, the trial
court held a hearing on the motion for summary judgment.  On November 12, 2008, two days after the
hearing, Lewis filed a motion for leave to late-file summary judgment
evidence.  Attached to the motion was a
supplemental affidavit by Allen Lewis, which provided new information regarding
the construction of the fence on the back half of the property.  Perales objected to this affidavit, arguing
that it was untimely filed after the hearing on Perales’s motion for summary
judgment “solely to avoid summary judgment” and that it failed to raise any
genuine issues of material fact on the adverse possession claim because it did
not provide “any corroborating evidence of the [fence’s] actual installation,
locations, construction, nor any facts that would allow Perales to provide
controverting evidence.”  The trial court
did not rule on Lewis’s motion for leave to late file summary judgment evidence
or Perales’s objections.

On November 19, 2008, the trial
court granted Perales’s motion for summary judgment, stating, “This Court
having heard the arguments of counsel, if any, and having reviewed the motions
and brief, is of the opinion that the motion is granted.”  The trial court ordered that Lewis “receive
nothing on all claims in this action.”

On December 19, 2008 Lewis filed a
motion for a new trial, arguing that the trial court erred in failing or
refusing to rule on Lewis’s special exception, evidentiary objections, and
motion for leave to file additional summary judgment evidence.  The motion for new trial also argued that the
trial court erred to the extent that it granted Perales’s no-evidence motion
for summary judgment.  The trial court
denied the motion for new trial on February 2, 2009.[3]

On February 6, 2009, Lewis filed a
motion asking the trial court to reduce to writing its rulings on the special
exceptions, evidentiary objections, and motion for leave to late-file summary
judgment evidence.

On February 17, 2009, Lewis
appealed the trial court’s grant of Perales’s motion for summary judgment.  On April 16, 2009, Lewis filed a petition for
writ of mandamus with this Court, seeking “mandamus relief compelling the trial
court ‘to reduce to writing the trial court’s decision on Special Exception,
Evidentiary Objections, and Motion for Leave to Late File Summary Judgment
Evidence.’”  We denied the petition without
an opinion on the merits on February 10, 2010. 
In re Allen and Martha Lewis
Revocable Trust, No. 01-09-00294-CV, 2010 WL 547530 (Tex. App.—Houston [1st
Dist.] Feb. 16, 2010, original proceeding) (mem. op.) (per curium).

Grant of Summary Judgment

          In his third issue, Lewis argues that
the trial court erred in granting Perales’s motion for summary judgment because
there were genuine issues of material fact in dispute and thus Perales was not
entitled to judgment as a matter of law.

A.              
Standard of Review 

Perales filed a hybrid motion for summary judgment arguing
that Lewis had no evidence on various elements of his adverse possession,
prescriptive easement, and trespass claims and that, “[e]ven assuming salient evidence had been
offered, Lewis’ claims are baseless,” so that Perales was entitled to judgment
as a matter of law.

We review a trial court’s grant of summary judgment de novo.  Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  When a party files a combined traditional and
no-evidence summary judgment motion, we first review the trial court’s summary
judgment under the no-evidence standard of Texas Rule of Civil Procedure
166a(i).  See Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex.
2004).  If the no-evidence summary
judgment was properly granted, we do not reach arguments under the traditional
motion for summary judgment.  See id.

To prevail on a no-evidence motion for summary judgment, the
movant must establish that there is no evidence to support an essential element
of the non-movant’s claim.  Tex. R. Civ. P. 166a(i); see Flameout Design & Fabrication, Inc.
v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.).  The burden then shifts to the non-movant to
present evidence raising a genuine issue of material fact as to the elements
specified in the motion. Mack Trucks,
Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006).  “The trial court must grant the motion unless
the nonmovant produces more than a scintilla of evidence raising a genuine
issue of material fact on the challenged elements.”  Flameout
Design & Fabrication, 994 S.W.2d at 834.  More than a scintilla of evidence exists if
the evidence “rises to a level that would enable reasonable and fair-minded
people to differ in their conclusions.”  Merrell Dow Pharm., Inc. v. Havner, 953
S.W.2d 706, 711 (Tex. 1997).  However,
“[w]hen the evidence offered to prove a vital fact is so weak as to do no more
than create a mere surmise or suspicion of its existence, the evidence is no
more than a scintilla and, in legal effect, is no evidence.” Kindred v. Con/Chem, Inc., 650 S.W.2d
61, 63 (Tex. 1983).  In determining
whether a material fact exists, we may consider both direct and circumstantial
evidence. Ridgway, 135 S.W.3d at 601.
 “To raise a genuine issue of material
fact, however, the evidence must transcend mere suspicion.” Id. 
“Evidence that is so slight as to make any inference a guess is in legal
effect no evidence.”  Id. 


To prevail on a traditional summary judgment motion, the
movant has the burden of proving that he is entitled to judgment as a matter of
law and that there are no genuine issues of material fact.  Tex. R.
Civ. P. 166a(c); Cathey v. Booth,
900 S.W.2d 339, 341 (Tex. 1995).  When,
as here, the trial court’s summary judgment order does not state the basis for
the trial court’s decision, we must uphold the order if any of the theories
advanced is meritorious.  Knott, 128 S.W.3d at 216.

 

B.      No Evidence of Adverse Possession

Lewis claimed title to the five-foot strip of land under the
theory of adverse possession.  Adverse
possession is “an actual and visible appropriation of real property, commenced
and continued under a claim of right that is inconsistent with and is hostile
to the claim of another person” throughout the statutorily required
period.  Tex. Civ. Prac. & Rem. Code Ann. §
16.021(1) (Vernon 2002);
Masonic Building Ass’n v. McWhorter,
177 S.W.3d 465, 472 (Tex. App.—Houston [1st Dist.] 2005, no pet.).  “The statute requires that such possession be
‘inconsistent with’ and ‘hostile to’ the claims of all others.”  Moore
v. Stone, 255 S.W.3d 284, 288 (Tex. App.—Waco 2008, pet. denied) (citing Tran v. Macha, 213 S.W.3d 913, 914 (Tex.
2006)).  The ten-year statute of limitations, on
which Lewis relies, provides in relevant part:

A person must bring suit not later than 10 years after
the day the cause of action accrues to recover real property held in peaceable
and adverse possession by another who cultivates, uses, or enjoys the property.

 

Tex. Civ. Prac. & Rem. Code Ann. § 16.026(a) (Vernon 2002).  Section 16.030(a) provides, “If an action for
the recovery of real property is barred under this chapter, the person who
holds the property in peaceable and adverse possession has full title,
precluding all claims.”  Tex. Civ. Prac. & Rem. Code Ann. §
16.030(a) (Vernon 2002).  Thus, an adverse possession claim requires proof
of actual possession of the disputed real property that is open and notorious,
peaceable, under a claim of right, adverse or hostile to the claim of the owner,
and consistent and continuous for the duration of the statutory period.  Glover
v. Union Pac. R.R. Co., 187 S.W.3d 201, 213 (Tex. App.—Texarkana 2006, pet.
denied) (citing Natural Gas Pipeline Co.
v. Pool, 124 S.W.3d 188, 193–94 (Tex. 2003)); Terrill v. Tuckness, 985 S.W.2d 97, 107 (Tex. App.—San Antonio 1998, no pet.) (stating
that for possession to be adverse, it must be “actual, visible, continuous,
notorious, distinct, hostile, and of such [a] character as to indicate
unmistakably an assertion of a claim of exclusive ownership in the occupant”).

Whether adverse possession has been established is ordinarily
a question of fact.  Bywaters v. Gannon, 686 S.W.2d 593, 595 (Tex. 1985).  “The test for hostility is whether the acts
performed by the claimant on the land and the use made of the land were of such
a nature and character as to reasonably notify the true owner of the land that
a hostile claim was being asserted to the property.”  McWhorter,
177 S.W.3d at 472. 
The element of
actual appropriation requires a claimant to show that he acted in a way that
visibly appropriated the disputed property in a manner that gave notice to any
other person that he claimed a right in the property.  Perkins
v. McGehee, 133 S.W.3d 287, 291–92 (Tex. App.—Fort Worth 2004, no
pet.) (citing Parker v. McGinnes, 842
S.W.2d 357, 360 (Tex. App.—Houston [1st Dist.] 1992, writ denied)).

Lewis argues in his brief that he presented evidence raising
genuine issues of material fact on the essential elements of his claim because
his affidavits show that he planted grass and a pecan tree on the property,
mowed the grass on the disputed property and cultivated and maintained it,
installed an underground sewer on the disputed property, and “constructed a
driveway, a portion of which lies in the [disputed property].”

1.       Planting
grass and tree, mowing grass

Lewis contends that he had “actually possessed” the disputed
land because he planted grass and mowed it, and he planted a tree on the
disputed land.  However, activities such as
mowing the grass, planting flowers, or maintaining a hedge do not “constitute a
hostile character of possession sufficient to give notice of an exclusive
adverse possession.”  Bywaters, 686 S.W.2d at 595; see also McWhorter, 177 S.W.3d at 475 (holding that cutting
grass and maintaining property is not legally sufficient to support claim for
adverse possession).  Therefore, Perales correctly argued in his
motion for summary judgment that these activities do not constitute evidence of
hostile possession as required to sustain a claim of adverse possession.  See
Bywaters, 686 S.W.2d at 595; McWhorter,
177 S.W.3d at 475.

 

 

2. Installing underground sewer

Lewis contends that he built an underground sewer in the
five-foot strip of land in 1963.  The only
evidence presented by Lewis regarding the sewer was his affidavit stating, “In
1963, . . . a sewer line was installed in the same 5 foot strip on Lot 10 along
the side of our garage to service a new addition to our home.”  As Perales argued in his motion for summary
judgment, Lewis presented no evidence of the exact location of the sewer.  Furthermore, Lewis’s affidavit presented no
evidence that the installation of the sewer was visible, notorious, distinct,
hostile, and of such a character as to indicate unmistakably an assertion of a
claim of exclusive ownership in the occupant. 
See Rhodes v. Cahill, 802
S.W.2d 643, 645 (Tex. 1990).  Thus the
existence of the sewer is no evidence of Lewis’s adverse possession of the
disputed property.

3. Building Driveway

Finally, Lewis argues that he constructed a driveway that
partially lies on the disputed strip of land and that this raised a fact issue
on his claim of adverse possession. 
However, this argument appears to have been raised for the first time on
appeal.  The only evidence presented by
Lewis in response to Perales’s motion for summary judgment were the affidavits
of his wife and himself.  Neither of
these affidavits made any reference to the driveway.  Thus, the alleged existence of the driveway
is no evidence that could support Lewis’s adverse possession claim.

4. Fences

Lewis’s affidavit also mentioned the existence of a fence on
the back portion of the property between his lot and Perales’s lot, but he does
not discuss the existence of the fence in his third issue in his brief on
appeal.  Regarding the fence, Lewis’s summary
judgment affidavit stated only that Perales “had the existing fence between our
properties removed and erected a new fence closer to our garage.”  This reference is, therefore, likewise no evidence of adverse
possession.[4]  

We conclude that the trial court did not err in granting
Perales’s no-evidence motion for summary judgment on Lewis’s adverse possession
claims.

C.      No
Evidence of Prescriptive Easement

          Lewis argues, in the alternative, that
he is entitled to a prescriptive easement to the portion of the land containing
the sewer, which he avers was contained in the disputed five-foot strip of
land. 

A prescriptive easement “rests on the claimant’s adverse
actions under color of right.”  Allen v. Allen, 280 S.W.3d 366, 377
(Tex. App.—Amarillo 2008, pet. denied). 
“An easement by prescription is established by the open, notorious,
hostile, adverse, uninterrupted, exclusive and continuous use of the servient
estate for a period of more than ten years, and the absence of any of these
elements is fatal to the prescriptive claim.” 
Id.; see also Brooks v. Jones, 578 S.W.2d 669, 673 (Tex. 1979) (“To obtain a prescriptive easement one
must use someone else’s land in a manner that is open, notorious, continuous,
exclusive, and adverse for the requisite period of time.”).  “The use of the property must be exclusive,
in that the claimant excluded or attempted to exclude all other persons,
especially the property owner, from using the same land for the same
purpose.”  Allen, 280 S.W.3d at 377–78. 
Furthermore, “the owner of the servient estate must have actual or
constructive notice that there was an adverse and hostile claim against the
property.”  Id. at 378.  “If there is no
verbal assertion of claim to the land brought to the knowledge of the
landowner, the adverse possession must be so open and notorious and manifested
by such open or visible act or acts that knowledge on the part of the owner
will be presumed.”  Orsborn v. Deep Rock Oil Corp., 267 S.W.2d 781, 787 (Tex. 1954).

Here, Lewis presented no evidence that he made any verbal
assertion of his claim to the disputed property.  See id.  Furthermore, the only use of the land that Lewis
alleges entitles him to a prescriptive easement was the installation of an
underground sewer in 1965.  He presented
no evidence of the actual location of the sewer, nor did he present any
evidence that underground sewer was marked above ground in any way.  By its very nature, an underground sewer
could not be “so open and notorious” or such a “visible act” that knowledge on
the part of Perales or his predecessors in interest can be presumed.  See id.;
see also City of Corpus Christi v. Krause,
584 S.W.2d 325, 329 (Tex. Civ. App.—Corpus Christi 1979, no writ) (upholding
trial court’s determination that existence of underground pipeline was not open
and notorious when pipeline monument and stand pipe vent were not located on
owner’s property).  Nor is there any
indication in the record that Perales had notice of the existence of the
sewer.  See Allen, 280 S.W.3d at 378.

          Thus, we conclude that the trial court
did not err in granting Perales’s no-evidence motion for summary judgment on
Lewis’s prescriptive easement claim.

D.      No
evidence of Trespass

          Finally, Lewis asserted a cause of
action asserting that Perales trespassed onto his land to remove the pecan tree
and to remove and relocate a fence. 
However, to establish a claim of trespass, Lewis was required to prove
that he had a possessory interest in the property at issue.  See
Coastal Oil & Gas Corp. v. Garza Energy Trust, 268 S.W.3d 1, 9 (Tex.
2008) (“The gist of an action of trespass to realty is the injury to the right
of possession.”).  We have already held
that the trial court correctly granted summary judgment dismissing Lewis’s
claims that would have supported his claim to right of possession, and thus we
likewise conclude that Lewis presented no evidence of a right to possession.  Therefore, Lewis cannot maintain a trespass
action.  See id.

          We conclude that the trial court did
not err in granting Perales’s motion for summary judgment on Lewis’s trespass
claim.

          We overrule Lewis’s third issue.

Special Exception and Evidentiary
Objections

          In his first issue, Lewis argues that
the trial court erred by refusing to rule on his special exception, which
argued that Perales’s no-evidence motion for summary judgment was insufficient
as a matter of law because it failed to specify the particular elements on
which Perales alleged that Lewis had no evidence.  However, this is a misrepresentation of
Perales’s summary judgment motion. 
Perales’s motion was a hybrid motion that presented both no-evidence and
traditional grounds for summary judgment, and, as we have already discussed,
presented specific arguments regarding the elements of Lewis’s claims for which
Lewis had no evidence.  Because we have
already concluded that the trial court correctly granted Perales’s no-evidence
motion for summary judgment, this issue is moot.

          We overrule Lewis’s first issue.

          In his second and fourth issues, Lewis
complains that the trial court erred in failing or refusing to rule on his
special exception and evidentiary objections and motions, or alternatively,
that the trial court erred in overruling his evidentiary objections.  However, because we have already held that
the trial court correctly granted Perales’s no-evidence motion for summary
judgment, these evidentiary complaints are not relevant to the disposition of
this appeal.

          We overrule Lewis’s second and fourth
issues.

CONCLUSION

          We
affirm the judgment of the trial court.

 

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Hanks, and Higley.











[1]
              The
majority of the motions and briefing both in the trial court and on appeal
discuss this case as if it were a conflict between Allen Lewis and Daniel
Perales.  Thus, although there are
multiple parties named in the formal pleadings and the trial court’s judgment,
we refer to the appellant in this appeal as “Lewis” and the appellee as
“Perales” for the sake of clarity.  





[2]               See Tex. Civ. Prac. & Rem. Code Ann. § 16.026 (Vernon 2002).





[3]
              After
the elections in November 2009, the Hon. Dion Ramos replaced Hon. Jeff Shadwick
as the judge of the 55th District Court.  Thus, the summary judgment was granted by
Judge Shadwick, and the motion for new trial was denied by Judge Ramos.





[4]               Lewis submitted a supplemental affidavit following the
summary judgment hearing providing additional information regarding the
fence.  In part of his second issue,
Lewis also argues that the trial court erred in refusing to rule on his motion
to late-file supplemental summary judgment evidence.  However, a trial court is not required to
consider late-filed summary judgment evidence but may do so “as long as the
court affirmatively indicates in the record that it accepted or considered the
evidence,” for example in a written motion or in open court.  Auten
v. DJ Clark, Inc., 209 S.W.3d 695, 702 (Tex. App.—Houston [14th Dist.]
2006, no pet.).  Here, the trial court
did not expressly rule on either Lewis’s motion or Perales’s objection, nor was
it obligated to do so.  See id. at 703.  Furthermore, the trial
court’s order granting the motion for summary judgment made no reference to
Lewis’s supplemental evidence.  Thus, we
cannot say that the trial court affirmatively indicated its acceptance or consideration
of the late-filed evidence and we do not consider it on appeal.  See id.