

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00371-CV

Jeanine **BELL** and Sheila Petsch,
Appellants

v.

Darrell **PETSCH**,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 16468
Honorable Albert D. Pattillo, III, Judge Presiding

Opinion by:      Lori I. Valenzuela, Justice

Sitting:         Patricia O. Alvarez, Justice
                 Liza A. Rodriguez, Justice
                 Lori I. Valenzuela, Justice

Delivered and Filed: August 30, 2023

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

This appeal concerns a real property dispute between siblings, appellants Jeanine Bell ("Jeanine") and Sheila Petsch and appellee Darrell Petsch ("Darrell"). In three issues, appellants assert the trial court erred in granting summary judgment (1) based on adverse possession; (2) on the basis that Jeanine's claim was time-barred by limitations; and (3) denying Jeanine's requests for attorney's fees. We affirm in part, reverse in part, and remand for further proceedings.

**BACKGROUND**

This dispute concerns ownership of five tracts of land in Gillespie County, Texas, originally owned by the parties' grandfather, Emil Petsch ("Emil"). On July 1, 1970, Emil conveyed an undivided one-half interest in certain tracts of land to his wife, Thekla Petsch ("Thekla"). Thekla passed away on December 29, 1975. Thekla's will devised to appellants her undivided one-half interest in those certain tracts, subject to a life estate in Emil.

On April 28, 1976, Emil conveyed by deed three of those certain tracts (being 160, 166, and 11 acres) to Darrell ("Darrell's Deed"). Emil reserved in Darrell's Deed a 17-acre tract that Darrell later acquired under Emil's will. The 160-, 166-, 11- and 17-acre tracts described in Darrell's Deed are collectively referred to as the "Disputed Tracts."

A fifth tract of land in dispute (being 118 acres) involves a conveyance by appellants of their undivided one-half interest to Darrell on May 1, 1976 (the "118 Acre Tract"). The 118 Acre Tract involves different claims and defenses than those asserted with respect to the Disputed Tracts—essentially owed to the fact that Jeanine was twelve years of age when she signed the deed conveying her interest in it to appellee.

In the trial court, the parties stipulated to a property survey depicting the Disputed Tracts and the 118 Acre Tract. For illustration purposes, we have highlighted on the stipulated survey the Disputed Tracts in red and the 118 Acre Tract in blue:



### *Relevant Procedural History*

On November 10, 2020, appellants sued appellee seeking a declaratory judgment that the 118 Acre Tract deed is void and for attorney's fees. In response, appellee asserted Jeanine did not seek to set aside the 118 Acre Tract deed within a reasonable time after reaching the age of majority and that he maintains the right to exclusive possession of the Disputed Tracts.

Appellee thereafter filed a motion for summary judgment asserting (1) title to the Disputed Tracts by adverse possession, (2) limitations bars Jeanine's claim that the 118 Acre Tract deed is void, and (3) declaratory judgment is an improper vehicle for adjudicating title. In response, appellants argued (1) appellee cannot prevail on his adverse possession claim because he did not exclusively possess the Disputed Tracts and never ousted his cotenant appellants; (2) fact issues

preclude summary judgment on limitations with respect to the 118 Acre Tract; and (3) declaratory judgment is the only method available to set aside the 118 Acre Tract deed.[1]

The trial court entered an order granting appellee's motion for summary judgment "on each of the grounds stated therein," and subsequently entered a final judgment vesting appellee with superior title in both the Disputed Tracts and the 118 Acre Tract. This appeal follows.

### STANDARD OF REVIEW

We review a trial court's ruling on a motion for summary judgment de novo. *Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). "The standard of review for a traditional motion for summary judgment is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law." *Hatton v. Grigar*, No. 14-05-01053-CV, 2006 WL 3365494, at *3 (Tex. App.—Houston [14th Dist.] Nov. 21, 2006, no pet.) (mem. op.).

To be entitled to summary judgment, appellee, as the defendant, had to either "conclusively negate[] at least one of the essential elements of each of [appellants'] causes of action or conclusively establish[] all elements of an affirmative defense." *Id.* "Evidence is conclusive only if reasonable people could not differ in their conclusions." *Id.* "[W]e take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

"[T]he question of adverse possession normally is a question of fact, so only in rare instances is a court justified in holding that adverse possession has been established as a matter of law." *Bywaters v. Gannon*, 686 S.W.2d 593, 595 (Tex. 1985). "In order to establish adverse possession as a matter of law, the claimant must show by undisputed evidence his actual peaceable

---

[1] Appellants filed an untimely cross-motion for summary judgment, which the trial court treated as a response. Because appellants did not appeal this issue, we likewise treat the cross-motion as a response.

and adverse possession of the property continuously for [the statutory period]. Also, the claimant must submit undisputed and conclusive evidence of probative force on each essential element of adverse possession, and inferences are never indulged in his favor." *Id.*

**ADVERSE POSSESSION**

In their first issue, appellants assert genuine issues of material fact preclude summary judgment on appellee's adverse possession claims to the Disputed Tracts.

*Applicable Law—Adverse Possession/Title by Limitations*

Under Texas law, adverse possession requires "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 69 (Tex. 2011) (quoting TEX. CIV. PRAC. & REM. CODE § 16.021(1)). The adverse possession statutes are statutes of limitations intended to settle land titles. *Nat. Gas Pipeline Co. of Am. v. Pool*, 124 S.W.3d 188, 198–99 (Tex. 2003). As applicable to this issue, Texas statutes authorize adverse possession under five-, ten-, and twenty-five-year limitations periods. TEX. CIV. PRAC. & REM. CODE §§ 16.025– .028.

To prevail on a claim of adverse possession, a claimant must establish (1) the actual and visible possession of the disputed property; (2) that is adverse and hostile to the claim of the owner of record title; (3) that is open and notorious; (4) that is peaceable; (5) that is exclusive; and (6) that involves continuous cultivation, use, or enjoyment throughout the statutory period. *NAC Tex Hotel Co., Inc. v. Greak*, 481 S.W.3d 327, 331–32 (Tex. App.—Tyler 2015, no pet.). A party seeking to establish title to land by virtue of the statute of limitations has the burden of proving every fact essential to that claim by a preponderance of the evidence. *Rhodes v. Cahill*, 802 S.W.2d 643, 645 (Tex.1990) (op. on reh'g).

*Applicable Law—Cotenant Adverse Possession*

"A cotenancy is formed when two or more persons share the unity of exclusive use and possession in property held in common." *Rancho Viejo Cattle Co., Ltd. v. ANB Cattle Co., Ltd.*, 642 S.W.3d 850, 859 (Tex. App.—San Antonio 2021, pet. denied). Upon a life tenant's death, a remainderman's interest becomes possessory. *See Enserch Expl., Inc. v. Wimmer*, 718 S.W.2d 308, 310 (Tex. App.—Amarillo 1986, writ ref'd n.r.e.); *see also Sparks v. Robertson*, 203 S.W.2d 622, 623–24 (Tex. Civ. App.—Austin 1947, writ ref'd) ("An essential element of cotenancy is the present right of possession.").

"A cotenant's use of the common property is presumed non-adverse unless the cotenant repudiates the title of its cotenant." *Marshall*, 342 S.W.3d at 71. Thus, a cotenant's adverse possession claim against the other cotenants cannot begin until he repudiates the contenancy and "notice of such repudiation has been brought home to the other cotenants." *Toscano v. Delgado*, 506 S.W.2d 317, 320 (Tex. Civ. App.—San Antonio 1974, no writ).

"Cotenants must surmount a more stringent requirement because acts of ownership 'which, if done by a stranger, would per se be a disseizin' are not necessarily such when cotenants share an undivided interest." *Marshall*, 342 S.W.3d at 70. The statutes providing for title by limitations "are not designed to afford a method whereby one member of a family may appropriate property belonging to his kinsman," hence "[n]otice of repudiation of the common title should be clear, unequivocal and unmistakable." *Todd v. Bruner*, 365 S.W.2d 155, 159–60 (Tex. 1963). Repudiation must be evidenced by actions or declarations that clearly manifest the intent to repudiate the cotenancy. *See id.*; *Killough v. Hinds*, 338 S.W.2d 707, 711 (Tex. 1960).

"Possession, coupled with payment of taxes, is not notice to a cotenant of a repudiation of the common title." *Todd*, 365 S.W.2d at 160. Neither is cutting timber; selling water; constructing

a barn, pig pen, and chicken house; cattle grazing; or allowing an employee to construct a home on the property. *Id.* at 160–61.

*Analysis*

### A. Were appellants and appellee cotenants?

Appellants assert that they became cotenants with appellee when Emil's life estate terminated upon his death. In response, appellee asserts he was never a cotenant with appellants because he acquired the entirety of the Disputed Tracts under Darrell's Deed.

Upon Thekla's death on December 29, 1975, appellants owned a remainder interest in the Disputed Tracts, subject to Emil's life estate. At that time, Emil owned an undivided one-half of the Disputed Tracts in fee and held a life estate in the remaining one-half; appellants were remaindermen of the life estate:

| | |
|---|---|
| **Emil**<br>50% fee | **Emil**<br>50% life estate<br>**Appellants**<br>50% remainder |

On April 28, 1976, Emil conveyed to Darrell the Disputed Tracts (other than the reserved 17-acre tract that Darrell later acquired upon Emil's death). According to appellee, Darrell's Deed passed the entire conveyance in fee to appellee (in effect, divesting the remaindermen of their interest). However, as to the one-half interest to which Emil held a life estate, Darrell's Deed was incapable of conveying a fee interest. *See Cockrell v. Tex. Gulf Sulphur Co.*, 299 S.W.2d 672, 675 (Tex. 1956) ("We take it that no authority need be cited for the proposition that a deed can pass no greater estate than that owned by the grantor."); *see also Duhig v. Peavy-Moore Lumber Co.*, 144 S.W.2d 878, 879 (Tex. 1940) ("The deed, of course, does not actually convey what the grantor does not own."); *Evans v. Graves*, 166 S.W.2d 955, 958 (Tex. Civ. App.—Dallas 1942, writ ref'd

w.o.m.) (conveyance by life tenant, even if "purportedly in fee simple," only conveys a life estate and does not "operate to defeat, impair, or in anywise affect" the remaindermen). Therefore, ownership in the Disputed Tracts was as follows:

| | |
|---|---|
| **Darrell**<br>50% fee | **Darrell**<br>50% life estate<br>**Appellants**<br>50% remainder |

Emil died on February 21, 1979. Upon his death, the life estate created under Thekla's will terminated, and appellants' remainder interest became possessory:

| | |
|---|---|
| **Darrell**<br>50% fee | **Appellants**<br>50% fee |

*See Enserch*, 718 S.W.2d at 310. We conclude appellants and appellee became cotenants of the Disputed Tracts when Emil died on February 21, 1979. Therefore, in assessing whether appellee's summary judgment evidence conclusively establishes adverse possession of the Disputed Tracts, we review the evidence in light of the heightened standards applicable to cotenants.

### B. Did appellee conclusively establish adverse possession of the Disputed Tracts against his cotenants?

Because it resolves this issue, we next address whether appellee's summary judgment evidence conclusively establishes notice of repudiation of ownership to appellants. Absent clear, unequivocal, and unmistakable notice by appellee to appellants that he repudiates their ownership interest in the Disputed Tracts, we must presume all of appellee's use of the Disputed Tracts is non-adverse to them. *See Marshall*, 342 S.W.3d at 70–71; *Todd*, 365 S.W.3d at 159–60.

Appellee points to only one piece of evidence applicable to the five-, ten-, or twenty-five year limitations periods purportedly establishing notice of repudiation:[2] Darrell's Deed. According to appellee, Emil's purported conveyance of the entirety of the described property in fee to Darrell operated as a repudiation of the cotenancy. We disagree for at least two reasons.

First, Emil was not a cotenant with appellants because their interest did not become possessory until Emil's death. *See Rancho Viejo*, 642 S.W.3d at 859; *Enserch*, 718 S.W.2d at 310; *Sparks*, 203 S.W.2d at 623–24. Therefore, the deed cannot be construed as a repudiation of a cotenancy that did not yet exist.

Second, Darrell's Deed was filed of record *after* appellants acquired their remainder interest from Thekla; therefore, Darrell's Deed could not impart constructive notice on appellants of a purported repudiation. *See Dyer v. Cotton*, 333 S.W.3d 703, 712 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("[A] deed puts co-tenants on constructive notice of an adverse claim only if it is on record before they acquire their interests. The recordation of a deed after the other co-tenants have already acquired their property interests does not put those co-tenants on constructive notice that their co-tenant claimed an adverse interest."); *Spiller v. Woodard*, 809 S.W.2d 624, 627 (Tex. App.—Houston [1st Dist.] 1991, no writ) ("The recordation of a deed, after plaintiffs acquired an interest in the property, did not give them constructive notice that their cotenant relatives claimed an interest adverse to theirs.").

Viewing the evidence in the light most favorable to appellants, we hold appellee failed to conclusively establish notice of repudiation of the cotenancy. Because the summary judgment evidence fails to establish a clear, unequivocal, and unmistakable notice of repudiation, we must presume the summary judgment evidence of appellee's use of the Disputed Tracts is non-adverse

---

[2] Appellee testified the first time he told appellants they could no longer enter the property was in January 2021; however, that testimony at best establishes a repudiation *after* appellants filed suit on November 10, 2020.

to appellants. *See Marshall*, 342 S.W.3d at 70–71; *Todd*, 365 S.W.3d at 159–60. Therefore, appellee failed to establish adverse possession of the Disputed Tracts. *See Greak*, 481 S.W.3d 331–32 (claimant must establish adverse claim). We accordingly sustain appellants' first issue.

**LIMITATIONS—VOIDABLE DEED**

In their second issue, appellants assert the trial court erred in granting summary judgment regarding the 118 Acre Tract deed. This issue involves two discrete subparts. First, appellants assert the trial court erred in determining trespass to try title, and not declaratory judgment, governed their claims regarding voidability of the 118 Acre Tract deed. Second, appellants assert appellee failed to conclusively prove Jeanine's claims are barred by limitations.

## A. Trespass-to-try-Title Claim or Declaratory Judgment?

Jeanine seeks to have the 118 Acre Tract deed declared void on the ground that she was twelve years old when she signed it. The parties dispute whether this must be asserted as a trespass-to-try-title action or whether declaratory judgment is an appropriate vehicle.

Trespass to try title is the sole method of determining title to possessory interests in land. TEX. PROP. CODE § 22.001; *Lance v. Robinson*, 543 S.W.3d 723, 735–37 (Tex. 2018) (distinguishing use of trespass-to-try-title claim for possessory interests and declaratory judgment for non-possessory interests, such as easements). "Although related claims exist to determine narrower questions of possession, a cloud on a title, or a non-possessory interest, a trespass-to-try-title action is the exclusive remedy for resolving overarching claims to legal title." *Brumley v. McDuff*, 616 S.W.3d 826, 832 (Tex. 2021).

We examine the substance of a plaintiff's allegations, not its form, to determine whether it is a trespass-to-try-title action. *Id.* Here, Jeanine seeks to establish a possessory, fee interest in the 118 Acre Tract by having the deed she signed when she was twelve years old declared void. A deed executed by a minor is voidable, not void. *See Dairyland Cnty. Mut. Ins. Co. of Tex. v. Roman*,

498 S.W.2d 154, 158 (Tex. 1973). Although a voidable "deed is valid and represents prima facie evidence of title until there has been a successful suit to set it aside," *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976), trespass-to-try-title claimants only need to plead entitlement to possession of the subject interest. Notably, her allegations do not depend on the construction of the deed.

Because Jeanine seeks resolution of a title dispute to a possessory interest in land, we hold trespass to try title is the sole method for determining title to the 118 Acre Tract. We overrule appellants' arguments to the contrary and turn to the merits of appellee's limitations defense.

### B. *Title by Limitations Affirmative Defense*

As to the 118 Acre Tract, appellee asserts as an affirmative defense that Jeanine's claims are barred by the three-year statute of limitations. "A person must bring suit to recover real property held by another in peaceable and adverse possession under title or color of title not later than three years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.024. To prevail on this defense, appellee must establish the same elements as required for an affirmative adverse possession claim: (1) the actual and visible possession of the disputed property; (2) that is adverse and hostile to the claim of the owner of record title; (3) that is open and notorious; (4) that is peaceable; (5) that is exclusive; and (6) that involves continuous cultivation, use, or enjoyment throughout the statutory period. *See id.*; *Greak*, 481 S.W.3d at 331–32.

Appellee's summary judgment arguments and evidence focus on what appellants knew about the Disputed Tracts and 118 Acre Tract and when they purportedly knew it. However, the limitations period asserted in appellee's summary judgment motion is the three-year adverse possession limitations period; therefore, to prevail on summary judgment motion, appellee was required to prove each element of his adverse possession affirmative defense with respect to the 118 Acre Tract.

After reviewing the summary judgment motion and record, we conclude appellee failed to meet this burden. Although appellee submits he met his burden by arguing that appellants knew, no later than May 9, 2017, of the voidability issue regarding the 118 Acre Tract, the evidence demonstrates appellants nevertheless continued to jointly use the 118 Acre Tract (along with the Disputed Tracts) until at least September 2020. Reviewing the evidence in the light most favorable to appellants, we cannot say appellee conclusively demonstrated an essential element of his defense—exclusive use—for three years. *See Greak*, 481 S.W.3d at 331–32. We accordingly hold appellee failed to satisfy his summary judgment burden to establish his limitations defense to the 118 Acre Tract. We sustain appellants' second issue to the extent it asserts the trial court erred in granting summary judgment based on appellee's limitations defense.

### ATTORNEY'S FEES

In their third issue, appellants assert the trial court erred in determining they are not entitled to recovery of attorney's fees. Appellee asserts appellants cannot recover under the declaratory judgment act because trespass to try title is the appropriate cause of action and cannot recover under the adverse possession statute because appellants "do not meet the requirements to recover attorney's fees under the statute, and because they admit to certain facts that show they are not entitled to recover attorney's fees."

***Declaratory Judgment.*** As we have held, trespass to try title is the sole means by which appellants can recover title under the 118 Acre Tract. Therefore, we agree with appellee that appellants may not recover attorney's fees under the declaratory judgment act. *See* TEX. CIV. PRAC. & REM. CODE § 37.009; *see also Boren v. Newport Operating, LLC*, No. 02-19-00358-CV, 2020 WL 6325814, at *3 (Tex. App.—Fort Worth Oct. 29, 2020, no pet.) ("[A]ttorney's fees are not recoverable under the [declaratory judgment act] when the only issues, aside from the fees in question, concern trespass to try title claims.").

***Adverse Possession.*** Appellants further seek recovery of attorney's fees under the adverse possession statutes. The statutes provide:

> In a suit for the possession of real property between a person claiming under record title to the property and one claiming by adverse possession, if the prevailing party recovers possession of the property from a person unlawfully in actual possession, the court: (1) shall award costs and reasonable attorney's fees to the prevailing party if the court finds that the person unlawfully in actual possession made a claim of adverse possession that was groundless and made in bad faith; and (2) may award costs and reasonable attorney's fees to the prevailing party in the absence of a finding described by Subdivision (1).

TEX. CIV. PRAC. & REM. CODE § 16.034(a).

We note the importance of the procedural posture to our analysis: Appellee moved for summary judgment, and appellants responded. We are not called on today to assess whether appellants affirmatively proved their entitlement to fees under Section 16.034. The only issue before us is whether appellee established as a matter of law that appellants cannot recover fees under Section 16.034.

The trial court determined appellants cannot recover attorney's fees under their trespass-to-try-title action; however, appellee's motion does not establish as a matter of law that appellants' cannot recover fees under Section 16.034. For example, appellee asserts appellants failed to provide the demand letter that constitutes a condition precedent to recovery of fees. *See id.* § 16.034(b). However, the summary judgment record includes a demand letter; reviewing the letter in the light most favorable to appellants, we cannot say appellee conclusively demonstrated appellants were precluded from recovering because of inadequate notice.

We overrule appellants' third issue with respect to attorney's fees under the declaratory judgment act, and we sustain appellant's third issue with respect to attorney's fees under Section 16.034 of the Texas Civil Practice and Remedies Code.

## CONCLUSION

We affirm in part the judgment of the trial court as follows: (1) trespass to try title is the sole method for appellants to assert an interest in the 118 Acre Tract, and (2) appellants may not recover attorney's fees under the Texas Uniform Declaratory Judgments Act. We otherwise reverse the judgment of the trial court, and we remand for further proceedings consistent with this opinion.

Lori I. Valenzuela, Justice