# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2014

Lyle W. Cayce
Clerk

13-10684
Summary Calendar

TRANQUILINO ANDREW YARA; TRANQUILINO NICK YARA; SANDRA YARA,

Plaintiffs - Appellants

v.

PERRYTON INDEPENDENT SCHOOL DISTRICT,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:12-CV-117

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiff Andrew Yara and his parents, Nick and Sandra Yara, sued Perryton Independent School District in federal district court for injuries to Andrew allegedly caused by constitutional violations that occurred on school grounds. The district court granted summary judgment in favor of Perryton, finding that the Yaras failed to offer evidence that Perryton could be liable for the purported constitutional violations. The Yaras appealed. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10684

## FACTS AND PROCEDURAL BACKGROUND

This case arises out of Andrew Yara's participation in Perryton High School's "Red Ribbon Day," a two-day supplemental "enrichment activity" designed by his world history teacher, Andy Francis, to teach his sophomore students about persecution experienced by Jews in Nazi Germany. On the first day, Francis required half of his students to wear red ribbons; the other half wore red ribbons on the second day. Francis instructed students not wearing red ribbons to discriminate against those who were. Others not enrolled in Francis's class, including Perryton staff, also took part in the activity by giving orders to the red-ribbon wearers. Both students and teachers forced red-ribbon wearers to kneel in or crawl down the hall, carry students' bookbags to class, and use designated restrooms and water fountains. At some point during the day, a school staff member sprayed the red-ribbon wearers with a water hose.

Andrew participated in the third annual Red Ribbon Day. On May 19, 2010, the second day of the activity, Francis gave his customary instruction that those wearing red ribbons, who included Andrew, should follow the other students' orders. Francis also sent an email to the staff instructing them not to allow other students to cause physical harm to the ribbon wearers. Nevertheless, after lunch, a Perryton staff member, Manuel Moreno, stopped Andrew and other ribbon wearers in the hall and told them to get down on their knees facing the wall. Andrew's cousin, who was also a student at Perryton, asked permission from Moreno to "borrow that Jew — I mean red ribbon." The cousin ordered Andrew to carry him to his class, an instruction which the Yaras allege was overheard by Moreno. Andrew expressed incredulity but followed his cousin's order. As Andrew was carrying his cousin, another student jumped on his cousin's back, which caused the three students to fall to the ground. Andrew got up, and his cousin again jumped on his back, causing pain to his lower back and legs. Still required to follow orders, Andrew

2

carried his cousin and two other students to their classes. As the day progressed, Andrew continued to experience pain in his legs and back. He sought medical treatment the next day.

Andrew continues to suffer from significant pain and depression arising from these events, and he has incurred medical bills and therapy fees for treatment related to this pain. Andrew and his parents brought claims under 42 U.S.C. § 1983 against Perryton in federal district court. They alleged violations of Andrew's Fourth Amendment right to be free of unreasonable seizures and excessive force and his Fourteenth Amendment right to bodily integrity. The district court granted summary judgment for the defendants.

The district court did not address whether the Yaras had alleged valid constitutional violations. Instead, it held that Perryton could not be liable under Section 1983 because the evidence did not indicate Perryton had adopted a custom or policy that was the moving force behind the alleged constitutional violations. Further, the district court concluded that Section 1983 liability did not attach under a failure to train theory because the evidence did not show that Perryton policymakers were deliberately indifferent to any constitutional violations allegedly arising from lack of staff training or supervision.

The Yaras raise three issues on appeal. The first two issues challenge the district court's legal conclusions; the final issue reasserts that they alleged a cognizable constitutional claim. We focus our attention on whether the district court correctly concluded that Perryton could not be liable for the Yaras' claims.

## DISCUSSION

We apply *de novo* review to a district court's dismissal of claims on summary judgment. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003).

No. 13-10684

Section 1983 imposes liability on governmental entities for a violation of a person's constitutional rights. *Id.* at 247. For a student to sustain a claim against a school district, he must prove a harm caused by a constitutional violation and show that the school district is responsible for the violation. *See Doe v. Covington Cnty. Sch. Dist.*, 675 F.3d 849, 867 (5th Cir. 2012). A school district cannot be liable under Section 1983 based on a *respondeat superior* liability. *Rivera*, 349 F.3d at 247. "Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). The Yaras argue that Perryton could be responsible for adopting a policy that caused the constitutional violations or for failing to train or supervise its high school staff.

*A. Official or Unofficial Policy*

A school district is responsible under Section 1983 if a final policymaker adopts a policy that is the moving force behind a constitutional violation. *Rivera*, 349 F.3d at 247. Determining who is a policymaker is a matter of law, requiring a court to identify those "officials whose decisions represent the official policy." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989). A policymaker may adopt a policy through written policy statements, ordinances, or regulations, or by acquiescing to a wide-spread practice. *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009). Even if a policymaker adopts a policy that causes constitutional violations, it can only be liable for acting deliberately indifferent to those violations. *Id.* Deliberate indifference reflects the policymaker's conscious choice to disregard constitutional violations caused by its adopted policy. *Id.* at 617-18.

The district court engaged in a thorough analysis of state and local law and carefully examined the record to determine whether a Perryton

4

policymaker had adopted a policy that was the moving force behind the claimed constitutional violations. It found that the Perryton Board of Trustees had final policymaking authority for the high school under Texas law. It rejected the argument that the Board had delegated that authority to the school principal, who had approved Francis's lesson plans. It also concluded that Perryton was not deliberately indifferent to the alleged violations.

The Yaras direct their arguments at what they perceive was the district court's errant application of the limitations on municipal liability set out in *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). There is no evidence that the Board, which was the final policymaker under Texas law, had knowledge of Red Ribbon Day. S*ee Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993), *on remand from Jett*, 491 U.S. 701 (1989). Moreover, even though the Board allowed its high school principal to approve teacher plans, that is not a delegation of its policymaking authority. *See Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 217 (5th Cir. 1998). We also agree with the district court that the two-day per year program, which reached a third anniversary, was not "so common and well-settled as to constitute a custom that fairly represents municipal policy." *Piotrowski*, 237 F.3d at 579.

Even if knowledge of Red Ribbon Day could be imputed to the Board, we agree with the district court that Perryton could not have acted with deliberate indifference to constitutional violations because there is no evidence that the type of constitutional violations alleged by the Yaras had ever occurred. *See James*, 577 F.3d at 617. Despite the Yaras' attempts to explain the potentially harmful effects of what they call an unsound pedagogy, it is undisputed that no Perryton High School student ever previously suffered physical harm as a result of Red Ribbon Day events. We cannot agree that the Board, had it known of the Day's activities, could have reasonably predicted physical injuries

like Andrew's would occur based upon the nature of the activity. We find no error in the district court's application of the law.

*B. Failure to Train or Supervise*

To establish Section 1983 liability under the Yaras' theory of a failure to train, they must demonstrate that (1) a supervisor failed to supervise or train a subordinate; (2) a causal link exists between the failure and the constitutional violation; and (3) the supervisor was deliberately indifferent. *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Mere negligence or even gross negligence is not enough; "a plaintiff usually must demonstrate a pattern of [constitutional] violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *Id.* (quotation marks omitted).

For Perryton to be liable for the Board's failure to train or supervise the school staff, the Board must have actual or constructive notice of ongoing constitutional violations at the school; otherwise the Board's failure could not be a conscious or deliberate choice. S*ee Porter v. Epps*, 659 F.3d 440, 447 (5th Cir. 2011). The Yaras' failure-to-train argument fails due to the lack of evidence that the Board was aware of Red Ribbon Day. Further, the Board could not have made a deliberate choice to disregard constitutional violations stemming from its failure to train or supervise because no violation had occurred in the first two years of the program. There was no pattern of constitutional violations such that the Board would have been more than grossly negligent for failing to train or supervise the high school staff. *See Estate of Davis*, 406 F.3d at 381. The district court did not err in concluding that Perryton could not be liable under this theory of liability.

AFFIRMED.