# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 17, 2021

Lyle W. Cayce
Clerk

No. 20-40803

Luminant Mining Company, L.L.C.,

*Plaintiff—Appellee*,

*versus*

Kendi Narmer PakeyBey, *also known as* Narmer Bey, Chief, *also known as* Kenneth Parker; Dawud Allantu Bey, *First Trustee of* Amexemnu Taysha Trust; Amexemnu City State, Incorporated; Anu Tafari Zion El, *Second Trustee of* Amexemnu Taysha Trust,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:19-CV-372

Before King, Higginson, and Wilson, *Circuit Judges*.
Cory T. Wilson, *Circuit Judge*:

Kendi Narmer PakeyBey, asserting that he is the heir of a nineteenth-century tenant in common, came to Rusk County, Texas, to lay claim to his land. Luminant Mining, a company that holds title to the land and uses it for mining and logging operations, thought otherwise and filed suit in state court. After removing the case to federal court, PakeyBey argued that Luminant's chain of title showed no partition of the tenancy, so the tenancy still existed.

No. 20-40803

Luminant countered that it was entitled to a presumption of full ownership or, alternatively, it had adversely possessed the property. The district court granted summary judgment for Luminant on both grounds. We agree that Luminant has fulfilled Texas's adverse possession requirements and therefore holds the land in fee simple. We AFFIRM.

## I.

On March 20, 1848, the state of Texas conveyed 1,280 acres of land in Rusk County, Texas, to Isham Chism and Jesse Walling as tenants in common. Chism and Walling held undivided shares in the property, with each tenant having an equal right to possess the whole property. *See, e.g.*, *Dierschke v. Cent. Nat'l Branch of First Nat'l Bank*, 876 S.W.2d 377, 379 (Tex. App. 1994) (citations omitted). Their tenancy in common differed considerably from a fee simple interest, with which a titleholder has total ownership of the property. *See Jackson v. Wildflower Prod. Co., Inc.*, 505 S.W.3d 80, 88 (Tex. App. 2016) (citations omitted). This case turns on whether Chism and Walling's tenancy in common, through succeeding years and conveyances, persists or at some point merged into fee simple ownership of the land.

In 1979, about 131 years after Chism and Walling took title, the Texas Utilities Generating Company started acquiring land that was once part of the tenancy in common. That company was succeeded by the Texas Utilities Mining Company, then by TXU Mining Company, and finally by Luminant Mining Company, LLC. From 1979 to 1994, these companies acquired title to roughly three dozen tracts of land once part of the Chism-Walling tenancy. Each deed was duly recorded and the chain of title for each tract was traced to a conveyance by either Chism or Walling. All the deeds purport to convey a fee simple. Since at least 2009, Luminant has either mined lignite coal or managed timber on the tracts.

2

No. 20-40803

PakeyBey, Dawud Allantu Bey, the Amexemnu Taysha Trust, the Amexemnu City State, and Anu Tafari Zion El (collectively, the PakeyBey parties) assert they have severed ties with the United States of America and are "Moorish Americans" who are "sovereign freemen under the Republic . . . ." PakeyBey also asserts he is the heir of John Walling, the son of Jesse Walling, and thus the inheritor of Walling's tenancy in common. On February 4, 2019, PakeyBey filed a warranty deed in Rusk County purporting to convey roughly 951 acres[1] of the Walling-Chism tenancy to Bey and the Amexemnu Taysha Trust.

The PakeyBey parties occupied the land and attempted to harvest timber. Luminant discovered them and demanded they vacate the land, asserting it alone was the owner of the property. When the PakeyBey parties persisted in claiming rights to the land, Luminant filed a trespass-to-try-title action[2] against them in state court, seeking damages and injunctive relief. Luminant alleged it had superior title to the tracts and exclusive right to possession of the land.

The PakeyBey parties removed the case to federal court on diversity grounds. At the direction of the district court, the parties filed motions for summary judgment. The district court granted summary judgment for Luminant.

The district court examined the abstracts of title presented by the parties and found that even though gaps existed in Luminant's chain of title,

---

[1] Initially PakeyBey claimed ownership of an additional 258 acres and the district court found that Luminant was the exclusive owner of that property. The PakeyBey parties do not appeal this judgment; thus, they have waived any arguments related to it. *In re Southmark Corp.*, 163 F.3d 925, 934 n.12 (5th Cir. 1999).

[2] "A trespass to try title action is the method of determining title to lands, tenements, or other real property." TEX. PROP. CODE ANN. § 22.001(a).

3

Texas's doctrine of presumed grant applied to fill those gaps. That doctrine is in effect "a common law form of adverse possession" and settles "titles where the land was understood to belong to one who does not have a complete record title, but has claimed the land a long time." *Fair v. Arp Club Lake, Inc.*, 437 S.W.3d 619, 626 (Tex. App. 2014) (citing *Conley v. Comstock Oil & Gas LP*, 356 S.W.3d 755, 765 (Tex. App. 2011)). Basically, when a chain of title reveals a gap, Texas courts can presume a grant of title from the party preceding the gap to the party succeeding the gap. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986).[3] The district court did so here, concluded that the gaps in Luminant's chain of title therefore did not defeat its fee simple ownership, and confirmed Luminant's fee simple interest in the tracts.

The district court specifically rejected the PakeyBey parties' assertion that Walling's tenancy in common existed even after Chism's conveyances to Luminant's predecessors. The district court further found that the PakeyBey parties failed to demonstrate an actual connection between PakeyBey and Walling. It alternatively found that summary judgment was appropriate because Luminant had demonstrated a matured limitations period under Texas's adverse possession statutes. The PakeyBey parties now appeal.

## II.

"This court reviews a grant of summary judgment de novo, applying the same standard as the district court." *Renfroe v. Parker*, 974 F.3d 594, 599

---

[3] More specifically, the doctrine of presumed grant can be applied when three elements are met: (1) "a long-asserted and open claim, adverse to that of the apparent owner"; (2) "nonclaim by the apparent owner"; and (3) "acquiescence by the apparent owner in the adverse claim." *Adams v. Slattery*, 295 S.W.2d 859, 868 (Tex. 1956) (internal quotation marks omitted) (quoting *Magee v. Paul*, 221 S.W. 254, 256 (Tex. 1920)).

(5th Cir. 2020) (citations omitted). Summary judgment is merited when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If a reasonable jury could return a verdict for the nonmoving party, then a genuine dispute of material fact exists, and summary judgment is not appropriate. *Ahders v. SEI Priv. Tr. Co.*, 982 F.3d 312, 315 (5th Cir. 2020) (quoting *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)). All facts and all reasonable inferences from facts should be construed most favorably to the nonmoving party. *Murray v. Earle*, 405 F.3d 278, 284 (5th Cir. 2005).

Because this is an action disputing title to real property in Texas, this court applies Texas substantive law. *United States v. Denby*, 522 F.2d 1358, 1362 (5th Cir. 1975) (citing *United States v. Williams*, 441 F.2d 637, 643 (5th Cir. 1971)). In Texas, "[b]y statute, a trespass-to-try-title action 'is the method of determining title to lands.'" *Brumley v. McDuff*, 616 S.W.3d 826, 831–32 (Tex. 2021) (quoting TEX. PROP. CODE ANN. § 22.001(a)). In these actions, "a plaintiff may prove legal title by establishing: (1) a regular chain of title of conveyances from sovereign to the plaintiff; (2) a superior title to that of the defendant out of a common source; (3) title by limitations (i.e., adverse possession); or (4) possession that has not been abandoned." *Id.* at 832 (citing *Rogers v. Ricane Enters., Inc.*, 884 S.W.2d 763, 768 (Tex. 1994)). As the crucial question is "the strength" of the plaintiff's title rather than the weaknesses of a defendant's claims, *Land v. Turner*, 377 S.W.2d 181, 183 (Tex. 1964), we focus on whether Luminant has demonstrated a fee simple interest in the tracts disputed by the PakeyBey parties.

## III.

The district court concluded summary judgment was warranted for Luminant on two grounds: Luminant had demonstrated a regular chain of

title of conveyances and, alternatively, Luminant had adversely possessed the land. On appeal, the PakeyBey parties attack the district court's application of the presumed grant doctrine to complete Luminant's chain of title. But it is not necessary for us to address this issue because, regardless, Luminant has demonstrated it adversely possessed the land. We therefore affirm the district court's summary judgment on that ground.

"In order to establish adverse possession as a matter of law, the claimant must show by undisputed evidence his actual peaceable and adverse possession of the property . . . ." *Bywaters v. Gannon*, 686 S.W.2d 593, 595 (Tex. 1985) (citations omitted). Peaceable possession is "possession of real property that is continuous and is not interrupted by an adverse suit to recover the property." Tex. Civ. Prac. & Rem. Code § 16.021(3). Adverse possession is "actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." *Id.* § 16.021(1). Generally, a party claiming title by adverse possession under Texas law must show (1) actual and (2) visible possession that is (3) under a claim of right, (4) hostile to another's claim to the property, and (5) peaceable for the applicable limitations period. *See Nat. Gas Pipeline Co. of Am. v. Pool*, 124 S.W.3d 188, 193 (Tex. 2003).

More specifically, this case centers on an alleged tenancy in common, and a tenant in common must clear a heightened threshold for proving that its possession is hostile to any other claimant. To do so, a cotenant must repudiate its cotenant's title. *Todd v. Bruner*, 365 S.W.2d 155, 156 (Tex. 1963) (citations omitted). This is because cotenants' possession of common land is "presumed to be in right of the common title. [A cotenant] will not be permitted to claim the protection of the statute of limitations unless it clearly appears that he has repudiated the title of his cotenant and is holding adversely to it." *Id.* (citations omitted). To be effective, repudiation must

provide notice to the cotenant, *id.* at 159, though notice can be actual or constructive, *Moore v. Knight*, 94 S.W.2d 1137, 1139 (Tex. Comm'n App. 1936). Conveying the common estate to a third party who records a deed and takes possession of the property provides constructive notice. *Parr v. Ratisseau*, 236 S.W.2d 503, 506 (Tex. Civ. App. 1951) (citations omitted). "This effects an ouster of the cotenants and after the expiration of the statutory period will bar the right of the cotenants to recover." *Id.* (citations omitted).

The applicable limitations period differs based on the possessor's conduct. If a possessor is claiming under "title or color of title[,]" it must possess the land for three years. Tex. Civ. Prac. & Rem. Code Ann. § 16.024. If a possessor "cultivates, uses, or enjoys the property" and pays "applicable taxes on the property" while claiming "the property under a duly registered deed[,]" the period is five years. *Id.* § 16.025. If a possessor merely "cultivates, uses, or enjoys the property[,]" the period is ten years. *Id.* § 16.026. For calculating time, Texas allows successors in interest to tack their time in possession to their predecessors' time provided there is privity. *Id.* § 16.023.

This appeal ultimately turns on whether Luminant's possession of the land has been hostile to any claim of its alleged cotenants. The record is uncontested that Luminant had either been mining or managing timber on the disputed tracts for at least ten years prior to the 2019 deed recorded by the PakeyBey parties or Luminant's filing of this suit on July 26, 2019. Further, the record shows that since November 15, 1994, Luminant or its predecessors have held the tracts at issue under recorded deeds. *See id.* The undisputed facts thus establish the first, second, third, and fifth elements of Luminant's adverse possession claim. *See id.* § 16.026.

But the PakeyBey parties contend that Luminant failed to demonstrate hostile possession vis-à-vis its cotenants. They assert that the record is devoid of evidence of actual notice of repudiation of the common title. They further contend that Luminant cannot show constructive notice of repudiation, arguing that constructive notice and ouster require more than Luminant's demonstrated possession of the land and the absence of a claim against the land by Walling's heirs. Their argument rests on a correct reading of the law, up to a point. *See Hardaway v. Nixon*, 544 S.W.3d 402, 410 (Tex. App. 2017). But Luminant's possession and Luminant's recorded deeds *are* sufficient to give constructive notice of hostility to cotenants and to effect an ouster. *Parr*, 236 S.W.2d at 506 (citations omitted). The PakeyBey parties' argument is therefore unavailing.

Every recorded grant in Luminant's chain of title after the original patent to Chism and Walling as tenants in common purported to convey the whole estate. The recordation of these deeds long ago provided constructive notice to any cotenants of a hostile possession sufficient to accomplish ouster. *Parr*, 236 S.W.2d at 506 (citations omitted). Again, the PakeyBey parties do not contest any of the facts related to recordation of these deeds. Therefore, there is no genuine dispute of fact regarding Luminant's constructive notice and ouster of any alleged cotenant. Without that, there is no genuine issue of material fact regarding Luminant's actual, visible, hostile, and peaceable possession of the disputed tracts under a claim of right for at least ten years. Because every element of peaceable and adverse possession is established by undisputed evidence, Luminant has established its adverse possession of the property as a matter of law. *Bywaters*, 686 S.W.2d at 595 (citations omitted). Thus, the district court properly granted summary judgment to Luminant on this ground.

No. 20-40803

## IV.

Luminant demonstrated, by uncontested evidence, its adverse and peaceable possession of the tracts of land also claimed by the PakeyBey parties for at least ten years, satisfying Texas's adverse possession statutes. Luminant is therefore vested with a fee simple interest in the disputed tracts, and summary judgment in Luminant's favor was proper.

AFFIRMED.