# NO. 12-14-00260-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *NAC TEX HOTEL CO., INC.,* **APPELLANT** | § | *APPEAL FROM THE 217TH* |
| *V.* | | |
| *STEPHEN GREAK, INDIVIDUALLY, DEE WINSTON, INDIVIDUALLY AND E & G INVESTMENTS, A GENERAL PARTNERSHIP,* | § | *JUDICIAL DISTRICT COURT* |
| **APPELLEES** | § | *ANGELINA COUNTY, TEXAS* |

## *OPINION*

Nac Tex Hotel Co., Inc. filed a motion for rehearing of our September 23, 2015 opinion. We overrule the motion for rehearing, withdraw our opinion and judgment of September 23, 2015, and substitute the following opinion and corresponding judgment in their place.

Nac Tex Hotel Co., Inc. (Corporation) appeals a judgment awarding title and possession of certain real property and attorney's fees to Stephen Greak, Dee Winston, and E & G Investments (collectively Partnership). For the reasons that follow, we modify the judgment to delete the award of attorney's fees and affirm the judgment as modified.

## BACKGROUND

In 1966, Arthur Temple and R.B. Thompson leased a building on a .411 acre tract of land on Timberland Drive in Lufkin, Texas, to Richard and Lucille DeWitt for the purpose of operating a Kentucky Fried Chicken (KFC) franchise. In 1981, Temple and Thompson sold the .411 acre tract of land and the building to the DeWitts. At the time of this sale, Temple and Thompson executed an easement to the DeWitts allowing them to connect their .411 acre tract of

land to nearby Chestnut Street. This provided KFC customers and suppliers a second street from which to access their business.

Sometime during the early 1980s, the DeWitts added a drive through to the building as required by their KFC franchisor. As part of this expansion, the DeWitts also asphalted the property and built a concrete bridge over a body of water located on a triangular shaped area between their .411 acre and the 1981 easement. This triangle was actually owned by Temple as part of an adjoining .546 acre tract of land. The DeWitts used the triangle as ingress and egress for the KFC drive through, delivery vehicles, and also their employee parking. Further, the DeWitts landscaped parts of the property. They also maintained the property and kept it clean.

In 1988, the DeWitts sold the KFC franchise along with the .411 acre tract to the Corporation, which is owned by their daughter, Debra Parmalee. Parmalee continued to maintain and use the triangle as if the Corporation owned it. Parmalee also testified that she interacted with Temple on occasion. She stated that she never discussed use of the triangle with Temple because "I didn't think there was anything to discuss with him." She further stated, "I wouldn't never [sic] intentionally take anything from that man."

In 2007, Temple sold the property to the Partnership. In 2009, Greak contacted Parmalee to tell her that her employees were parking on the Partnership's property. Parmalee eventually instructed her employees not to park in that area and neither party took any further action.

By 2012, KFC employees again had begun parking in the area Greak and Winston thought was part of their .546 acre tract. They learned upon further investigation that the KFC employees were actually parking on the 1981 easement. However, the Corporation's use of the triangle then became an issue. When the parties could not reach an agreement on the Corporation's use of the triangle, the Corporation filed a trespass to try title action against the Partnership alleging that it had acquired title to the triangle by adverse possession. The Partnership filed an answer stating that it was not guilty as to the trespass to try title claim, making a general denial, and seeking attorney's fees pursuant to Section 16.034 of the Texas Civil Practice and Remedies Code.

Following a jury trial, the trial court rendered judgment that the Corporation take nothing on its adverse possession claim and that the Corporation's suit was groundless and filed in bad faith. It also awarded the Partnership $49,000.00 in attorney's fees. This appeal followed.

<u>**ADVERSE POSSESSION**</u>

In its first issue, the Corporation asserts that the trial court erred in rendering judgment on the jury finding that it had not established adverse possession. It contends that it established, as a matter of law, all of the elements required to vest title in it under both the ten and twenty-five year adverse possession statutes.

## <u>Standard of Review</u>

When a party attacks the legal sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. ***Dow Chem. Co. v. Francis***, 46 S.W.3d 237, 241 (Tex. 2001). In a "matter of law" challenge, we first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. ***Id***. If there is no evidence to support the finding, we will examine the entire record in order to determine whether the contrary proposition is established as a matter of law. ***Id***. The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair minded people to reach the verdict under review. ***City of Keller v. Wilson***, 168 S.W.3d 802, 827 (Tex. 2005). In making this determination, we must credit favorable evidence if a reasonable finder of fact could, and disregard contrary evidence unless a reasonable finder of fact could not. ***Id***.

## <u>Applicable Law</u>

Adverse possession means an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and hostile to the claim of another person. TEX. CIV. PRAC. & REM. CODE ANN. § 16.021(1) (West 2002). To prevail on a claim of adverse possession, a claimant must establish, by a preponderance of the evidence, (1) the actual and visible possession of the disputed property; (2) that is adverse and hostile to the claim of the owner of record title; (3) that is open and notorious; (4) that is peaceable; (5) that is exclusive; and (6) that involves continuous cultivation, use, or enjoyment throughout the statutory period. ***Anderton v. Lane***, 439 S.W.3d 514, 517 (Tex. App.—El Paso 2014, pet. denied). To satisfy a limitations period, peaceful and adverse possession does not need to continue in the same person or entity, but there must be privity of estate between each holder and his successor. TEX. CIV. PRAC. & REM. CODE ANN. § 16.023 (West 2002). One seeking to establish title to land by virtue of the statute of limitations has the burden of proving every fact

essential to that claim by a preponderance of the evidence. ***Rhodes v. Cahill***, 802 S.W.2d 643, 645 (Tex. 1990) (op. on reh'g).

## Ten Year Statute

To prevail pursuant to the ten-year statute, a person must bring suit not later than ten years after the day the cause of action accrues to recover real property held in peaceable and adverse possession by another who cultivates, uses, or enjoys the property. TEX. CIV. PRAC. & REM. CODE ANN. § 16.026(a) (West 2002). It is for the jury to determine whether the plaintiffs proved the factual elements of a limitation title under the ten year statute. ***King v. Inwood North Assoc.***, 563 S.W.2d 309, 313 (Tex. Civ. App.—Houston [1st Dist.] 1978, no writ).

Of the six above-named elements required to prove adverse possession, a discussion of the element of hostile intent is dispositive here. The test for hostility is whether the acts performed by the claimant on the land and the use made of the land were of such a nature and character as to reasonably notify the true owner of the land that a hostile claim was being asserted to the property. ***Masonic Bldg. Ass'n of Houston, Inc. v. McWhorter***, 177 S.W.3d 465, 472 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Mere occupancy of land without any intention to appropriate it will not support the statute of limitations. ***Ellis v. Jansing***, 620 S.W.2d 569, 571 (Tex. 1981). No matter how exclusive and hostile to the true owner the possession may be in appearance, it cannot be adverse unless accompanied by intent on the part of the occupant to make it so. ***Id.*** at 571-72. There must be an intention to claim the property as one's own to the exclusion of all others. ***Tran v. Macha***, 213 S.W.3d 913, 915 (Tex. 2006) (per curiam). But the doctrine of adverse possession itself is a harsh one, taking real estate from a record owner without express consent or compensation. ***Id***. Before taking such a severe step, the law reasonably requires that the parties' intentions be very clear. ***Id.***

The Corporation argues that when a claimant believes that it owns the land, it is not required to prove an intention to remove the legal owner or even know if someone else owns the land. For this contention, the Corporation cites ***Calfee v. Duke***, 544 S.W.2d 640 (Tex. 1976). We disagree with the Corporation's reading of ***Calfee***. In that case, Calfee believed that he owned a 24.744 acre tract of land that was within his fence line. He testified that he "wasn't claiming it against nobody." He was claiming it because he thought everything within his fence line had been part of his deed. ***Id***. at 641-42. The jury made a finding of fact that Calfee intended to claim the property. As Justice Tom Reavley, then on the Texas Supreme Court,

wrote, "In many cases statements of the adverse claimant appear to be, or may in fact be, inconsistent. It is usually held that a fact issue is thereby presented on the question of his intent to claim the land." *Id*. at 642. A jury issue on intent had been created, and the trial court resolved all fact issues in favor of Calfee. *Id*.

Without record citation, the Corporation asserts that its "use and activity was hostile to the record titleholder." Additionally, it asserts that "[t]he mere fact that the claim is against the wishes of the landowner is enough to determine that the possession is hostile." The Corporation cites to no authority for this proposition.

In the case before us, Parmalee testified that she thought she owned the property. She then created a fact issue when she testified that she would "never intentionally take anything" from the record owner of the property, Arthur Temple. Where the evidence in an adverse possession case is conflicting, its weight is a question of fact for the court or jury. *Wilson v. Rogers*, 343 S.W.2d 309, 313 (Tex. Civ. App.—Houston 1961, writ ref'd n.r.e.). We hold that a fact issue on hostile intent was created by Parmalee's testimony. *See Calfee*, 544 S.W.2d at 642. Other evidence showed that, while the Corporation made some improvements to the disputed area, it was not included in the Corporation's deed, and the Corporation made no attempt to keep anyone off that property. In short, the evidence supports a finding of no hostile intent. Moreover, Parmalee's testimony illustrates that the hostility did not arise until 2012. Accordingly, we cannot conclude that the jury's finding against the Corporation on the element of hostile intent was incorrect. *See Tran*, 213 S.W.3d at 915. The Corporation has thus failed to establish each and every element of the ten year statute. *See Anderton*, 439 S.W.3d at 517.

**Twenty-Five Year Statute**

The Corporation also contended that it had adversely possessed the property for twenty-five years, and therefore was entitled to recover under the twenty-five year adverse possession statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.028 (West 2002). This Section provides that suit must be brought within twenty-five years against the person who holds the property in good faith and under a deed purporting to convey this property that is recorded in the deed records of the county where any part of the real property is located. *Terrill v. Tuckness*, 985 S.W.2d 97, 107 (Tex. App.—San Antonio 1998, no pet.) (op. on reh'g). Further, payment of taxes can be evidence of a claim of ownership. *Kinder Morgan North Tex. Pipeline, L.P. v. Justiss*, 202 S.W.3d 427, 441 (Tex. App.—Texarkana 2006, no pet.).

Here, the disputed property was not included in the deed to the Corporation's .411 acre tract of land. Therefore, the Corporation did not claim the property under color of title. Further, it is undisputed that the Corporation never paid taxes on the disputed property. Therefore, as a matter of law, the Corporation's claim under the twenty-five year adverse possession statute fails. *Id*. We overrule the Corporation's first issue.

## BAD FAITH

In its second issue, the Corporation contends that the trial court erred when it determined that its claims for adverse possession were made in bad faith.[1] The Corporation asserts there is no evidence of bad faith.

"Bad faith" requires the conscious doing of a wrong for a dishonest, discriminatory, or malicious purpose. *Save Our Springs Alliance, Inc. v. Lazy Nine Mun. Util*. *Dist*., 198 S.W.3d 300, 321 (Tex. App.—Texarkana 2006, pet. denied). We review the trial court's determination of bad faith as a question of law under an abuse of discretion standard. *Schlager v. Clements*, 939 S.W.2d 183, 190 (Tex. App.—Houston [14th Dist.] 1996, writ denied). A trial court abuses its discretion when its decision is contrary to the only permissible view of probative, properly admitted evidence. *Unifund CCR Partners v. Villa,* 299 S.W.3d 92, 97 (Tex. 2009) (per curiam). Courts presume that pleadings and other papers are filed in good faith. *Id*. That presumption must be overcome before there can be a finding of bad faith. *See id*.

The Partnership contends that it established bad faith with evidence that the Corporation's claim was not exclusive or hostile, the Corporation lacked intent to claim its property, and neither the Corporation nor its predecessor had ever paid property taxes on the land at issue. Further, the Partnership contends that because Parmalee did not attend the 1981 and 1988 closings, she was willfully ignorant that the disputed land was not part of her deed to the .411 acre.

We disagree that this evidence constitutes any probative evidence of bad faith. The Partnership bore the burden of proving that the Corporation's adverse possession claim was filed for a dishonest, discriminatory, or malicious purpose. *See Save Our Springs Alliance, Inc.*, 198

---

[1] The trial court also determined that the Corporation's claims for adverse possession were groundless. Claims are considered groundless if they have no basis in the law or fact or are not warranted by good faith argument for the extension, modification, or reversal of existing law. *Donwerth v. Preston II Chrysler-Dodge, Inc*., 775 S.W.2d 634, 637 (Tex. 1989). Because the Corporation has not challenged the trial court's determination that its claims are groundless, we will not consider it.

S.W.3d at 321. The facts of this case show that the Corporation and its predecessor had used the property since 1981. The evidence further shows that there had been peaceable possession of the property by the Corporation and its predecessor from 1981 until 2012. When the Partnership challenged the Corporation's use of the property in 2012, it was proper for the Corporation to seek a determination from the courts of this state as to whether it had established a claim to the disputed land under limitation title. The courts of this state are open to all persons for the litigation of their claims and demands. *Univ. of Tex. v. Morris*, 344 S.W.2d 426, 429 (Tex. 1961).

None of the evidence established that the suit was filed for a dishonest, discriminatory, or malicious purpose. Therefore, the Partnership failed to overcome the presumption of good faith on the Corporation's behalf. *See Villa*, 299 S.W.3d at 97. The trial court abused its discretion in determining that the Corporation filed this adverse possession suit in bad faith. We sustain the Corporation's second issue.

### ATTORNEY'S FEES

In its third issue, the Corporation contends that the trial court erred in ordering it to pay the Partnership $49,000.00 in attorney's fees. The Corporation contends that the Partnership failed to meet the statutory requirements of Section 16.034 of the Texas Civil Practice and Remedies Code, which states as follows:

> (a) In a suit for the possession of real property between a person claiming under record title to the property and one claiming by adverse possession, if the prevailing party recovers possession of the property from a person unlawfully in actual possession, the court:
>> (1) shall award costs and reasonable attorney's fees to the prevailing party if the court finds that the person unlawfully in actual possession made a claim of adverse possession that was groundless and made in bad faith; and
>> (2) may award costs and reasonable attorney's fees to the prevailing party in the absence of a finding described by Subdivision (1).
> (b) To recover attorney's fees, the person seeking possession must give the person unlawfully in possession a written demand for that person to vacate the premises. The demand must be given by registered or certified mail at least 10 days before filing the claim for recovery of possession.
> (c) The demand must state that if the person unlawfully in possession does not vacate the premises within 10 days and a claim is filed by the person seeking possession, the court may enter a judgment against the person unlawfully in possession for costs and attorney's fees in an amount determined by the court to be reasonable.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.034 (West Supp. 2014).

Pursuant to Section 16.034(a)(1), the Partnership would be entitled to attorney's fees if it showed that the suit was both groundless and filed in bad faith. *Id*. As we have determined in our discussion of the second issue, the Partnership has failed to prove bad faith on the Corporation's part in filing this suit and, therefore, the trial court was not required to award it attorney's fees pursuant to Section 16.034(a)(1).

Section 16.034(a)(2) allows the trial court to award attorney's fees in the absence of a bad faith finding. *See id*. § 16.034(a)(2). Use of the word "may" signals that the statute affords the trial court a measure of discretion. TEX. GOV'T CODE ANN. § 311.016(1) (West 2013). Additionally, the statute requires the person seeking possession to give a written demand for the person unlawfully in possession to vacate the premises at least ten days before filing the suit for recovery of possession. TEX. CIV. PRAC. & REM. CODE ANN. § 16.034(b), (c); *Bernal v. Chavez*, 198 S.W.3d 15, 21 (Tex. App.—El Paso 2006, no pet.). Here, there is no evidence that the Partnership followed the statutory notice requirement before it made an appearance in the suit. At oral argument, the Partnership conceded that it had not done so. Therefore, the Partnership is not entitled to attorney's fees provided by Section 16.034 of the Texas Civil Practice and Remedies Code. *Barfield v. Holland*, 844 S.W.2d 759, 771 (Tex. App.—Tyler 1992, writ denied). Texas has long followed the "American Rule" prohibiting fee awards unless specifically provided by contract or statute. *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009). Because the Partnership failed to establish its entitlement to attorney's fees, the trial court abused its discretion in awarding attorney's fees to the Partnership. We sustain the Corporation's third issue.

### CONCLUSION

Because we have sustained the Corporation's issues two and three, we *modify* the judgment to delete the award of attorney's fees to the Partnership and *affirm* the judgment *as modified*.

JAMES T. WORTHEN
Chief Justice

Opinion delivered November 12, 2015.
*Panel consisted of Worthen, C.J., Neeley, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*
(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 12, 2015**

**NO. 12-14-00260-CV**

**NAC TEX HOTEL CO., INC.,**
Appellant
V.
**STEPHEN GREAK, INDIVIDUALLY, DEE WINSTON, INDIVIDUALLY
AND E & G INVESTMENTS, A GENERAL PARTNERSHIP,**
Appellees

Appeal from the 217th District Court
of Angelina County, Texas (Tr.Ct.No. CV-01824-12-10)

THIS CAUSE came on to be heard on the oral arguments, appellate record, and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to delete the award of attorney's fees to Stephen Greak, individually, Dee Winston, individually, and E & G Investments, a General Partnership; **and as modified**, the trial court's judgment is **affirmed.**

It is further ORDERED that all costs of this appeal are hereby adjudged against the party incurring same; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Neeley, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*