

# NUMBER 13-24-00431-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

HESTIA MANAGEMENT, LLC,
HESTIA INVESTMENTS LTD., AND
TROY TUCKER,                                                    Appellants,

v.

BERNARD KLIMIST AND
LAURA STUART,                                                   Appellees.

## ON APPEAL FROM THE 135TH DISTRICT COURT
## OF CALHOUN COUNTY, TEXAS

## MEMORANDUM OPINION

Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Justice West

The trial court granted summary judgment in favor of appellees Bernard Klimist and Laura Stuart (the Klimists)[1] on their claims for trespass to real property and trespass to try title and granted their motion for summary judgment rejecting appellants Hestia Management, LLC, Hestia Investments, Ltd. (together, Hestia) and Troy Tucker's (Tucker) adverse possession affirmative defense. Hestia and Tucker argue they established a genuine issue of material fact as to each element of adverse possession. Because we agree, we reverse and remand.

## I.    BACKGROUND

The Klimists have owned a .727 acre lot in Port O'Connor, Texas, since 1997. Tucker has owned—via his businesses—an adjoining .299 acre lot since 2005.[2] The rear boundaries of the lots are situated along the Louisiana and Texas Intracoastal Waterway, and each lot contains a house. Tucker attested by affidavit that sometime in 2006, he constructed a stone retaining wall between the properties as depicted below:

---

[1] We note that while the caption on appellee's trial court live pleading bears the name "Laura Stuart," the body provides "Laura Klimist."

[2] In 2007, Tucker's company, Edde Drilling Company, Inc., purportedly sold the lot to another one of Tucker's companies, Hestia Management, LLC. In 2009, a correction deed was executed rectifying the grantee from Hestia Management, LLC to Hestia Management, Ltd.

2



In 2020, Tucker replaced the stone retaining wall with a concrete retaining wall. The Klimists disputed the location of the retaining wall. Surveys from each party revealed the retaining wall encroaches the Klimists' lot by up to nine and a half inches in some areas.

The Klimists filed a lawsuit against Tucker and Hestia for trespass to real property and trespass to try title (fashioned as a declaratory judgment action).[3] Tucker and Hestia

---

[3] Tucker and Hestia did not raise whether the trespass to try title claim at issue could be adjudicated

answered, asserting adverse possession as an affirmative defense. Subsequently, the Klimists filed a traditional motion for summary judgment on their trespass to real property claim and Tucker and Hestia's affirmative defense. The Klimists attached the following as summary judgment evidence: (1) deeds related to the lots at issue and a neighboring lot; (2) a March 2020 letter wherein Bernard informed Tucker and Hestia that he had a surveyor mark the property line, and he planned to erect a fence; (3) surveys from both parties showing the retaining wall encroachment; (4) a neighboring lot survey, and (5) Bernard's affidavit.

Tucker responded and attached the following as summary judgment evidence: (1) his own affidavit, (2) photos of the former stone and current concrete retaining walls, (3) Calhoun County subdivision regulations, and (4) the Klimists' survey. Tucker attested that he originally erected the retaining wall to "protect [his p]roperty from erosion" and "mark the boundary between the two properties." He also attested that he "intended the retaining wall to serve, in part, as notice to the world that all the land up to and underneath the wall belonged to" his company. He further attested that he exclusively used the disputed property for more than ten years, the Klimists could see the retaining wall,[4] and the Klimists never contested such use until 2020. He additionally attested that "[t]he retaining wall is essential to the structural integrity of [his] house." He attached photos of the former stone retaining wall and the current concrete retaining wall that depict a lower grade on the Klimist side of the retaining wall and a higher grade on the Tucker side.

as declaratory judgment action, and thus we do not address it.

[4] To the extent such statement is objectionable, that issue is not before us.

Additionally, structures on the Tucker lot appear near the retaining wall, including (1) columns upholding stairs and an elevated deck and (2) a house.

The Klimists replied and attached a new affidavit from Bernard, photos of the lots, and plans related to Tucker and Hestia's backyard pool.

Ultimately, the trial court entered an order granting the Klimists' motion; denying Tucker and Hestia's affirmative defense "as a matter of law;" and adjudicating the property boundary line, relief unavailable under the trespass to real property claim moved upon.[5] And later, for unknown reasons, the trial court entered a "FINAL DECLARATORY JUDGMENT" that again denies Tucker and Hestia's affirmative defense and adjudicates the property boundary line but also finds there is a trespass. This appeal followed.

## II.    STANDARD OF REVIEW & APPLICABLE LAW

"We review grants of summary judgment de novo." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017). In de novo review, we exercise our own discretion and grant no deference to the trial court's decision. *Vaughn v. Vaughan*, 710 S.W.3d 412, 418 (Tex. App.—Eastland 2025, pet. denied) (citing *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998)). If a plaintiff moves for summary judgment in which the defendant has pled an affirmative defense, the plaintiff is entitled to summary judgment if he demonstrates there is no genuine material factual issue on each element of his claim, unless the defendant demonstrates a genuine material fact issue regarding each element of his affirmative defense. *Fortitude Energy, LLC v. Sooner*

---

[5] To the extent the trial court may have erroneously granted more relief than requested, Tucker and Hestia did not raise such issue, and we do not address it. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 298 (Tex. 2011) (holding that "[w]hen a trial court grants more relief than requested and, therefore, makes an otherwise partial summary judgment final, that judgment, although erroneous, is final and appealable[; t]he court of appeals should treat such a summary judgment as any other final judgment, considering all matters raised and reversing only those portions of the judgment based on harmful error").

*Pipe LLC*, 564 S.W.3d 167, 180 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *Barrand, Inc. v. Whataburger, Inc.*, 214 S.W.3d 122, 143 (Tex. App.—Corpus Christi–Edinburg 2006, pet. denied); *Bauer v. Jasso*, 946 S.W.2d 552, 555 (Tex. App.—Corpus Christi–Edinburg 1997, no writ). Where a genuine issue of material fact is raised by the nonmovant on each element of his affirmative defense, summary judgment is precluded. *Barrand, Inc.*, 214 S.W.3d at 143; *Bassett v. Am. Nat. Bank*, 145 S.W.3d 692, 699 (Tex. App.—Fort Worth 2004, no pet.). To determine if a genuine issue of material fact exists, "we take as true all evidence favorable to the non-movant, indulge every reasonable inference in favor of the non-movant, and resolve any doubts in the non-movant's favor." *Parker*, 514 S.W.3d at 219. "The evidence raises a genuine issue of material fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence presented." *City of Stephenville v. Belew*, 692 S.W.3d 347, 361 (Tex. App.—Eastland 2024, pet. denied) (citing *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007)).

To prevail on trespass to try title, the plaintiff must prove "the title he claims to the disputed property by: (1) a regular chain of conveyances from the sovereign; (2) a superior title out of a common source; (3) title by limitations (i.e., adverse possession); or (4) prior possession that has not been abandoned." *Seager v. Fry*, 707 S.W.3d 452, 464 (Tex. App.—Eastland 2025, no pet.). To prevail on trespass to real property, the plaintiff must prove "(1) entry (2) onto the property of another (3) without the property owner's consent or authorization." *Keenan v. Robin*, 709 S.W.3d 595, 600 (Tex. 2024) (quoting *Env't Processing Sys., L.C. v. FPL Farming Ltd.*, 457 S.W.3d 414, 419 (Tex. 2015)). As a claim of superior title against the owner of record, adverse possession is an affirmative

6

defense to trespass to real property and trespass to try title. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.030(a) ("If an action for the recovery of real property is barred [by the limitations statute related to adverse possession], the person who holds the property in peaceable and adverse possession has full title, precluding all claims."); *Rife v. Kerr,* 513 S.W.3d 601, 616 (Tex. App.—San Antonio 2016, pet. denied) (treating adverse possession as an affirmative defense to trespass to try title); *Bauer*, 946 S.W.2d at 555 (treating adverse possession as an affirmative defense to trespass to real property); *see also AIC Management v. Baker*, No. 01-02-01074-CV, 2003 WL 22724629, at *1 (Tex. App.—Houston [1st Dist.] Nov. 20, 2003, pet. denied) (mem. op.) (treating adverse possession as an affirmative defense); *Griffin v. Watley*, No. 07-99-0285-CV, 2001 WL 257801, at *2 (Tex. App.—Amarillo Mar. 15, 2001, no pet.) (mem. op.) (same).

Adverse possession is "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." TEX. CIV. PRAC. & REM. CODE ANN. § 16.021(1). Relevant to this case, under the ten-year limitations statute, "a person must bring suit not later than 10 years after the day the cause of action accrues to recover real property held in peaceable and adverse possession by another who cultivates, uses, or enjoys the property." *Id*. § 16.026(a). If an action for the recovery of real property is barred by the foregoing statute, "the person who holds the property in peaceable and adverse possession has full title, precluding all claims." *Kazmir v. Benavides*, 288 S.W.3d 557, 561 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.030(a)).

7

To prevail under the ten-year limitations statute, a person must prove that his or his predecessor's possession of the disputed property was actual and visible; adverse and hostile; open and notorious; peaceable; exclusive; and involved continuous cultivation, use, or enjoyment for ten years. *See Castillo v. Luna*, 640 S.W.3d 256, 260 (Tex. App.—Houston [14th Dist.] 2021, pet. denied); *NAC Tex Hotel Co. v. Greak*, 481 S.W.3d 327, 331–32 (Tex. App.—Tyler 2015, no pet.); *Kazmir*, 288 S.W.3d at 561; *Kinder Morgan N. Tex. Pipeline, L.P. v. Justiss*, 202 S.W.3d 427, 438 (Tex. App.—Texarkana 2006, no pet.); see *also Barbosa v. Galan,* No. 04-23-00020-CV, 2024 WL 946238, at *2 (Tex. App.—San Antonio Mar. 6, 2024, pet. denied) (mem. op.); *Fletcher v. Merritt*, No. 13-22-00186-CV, 2023 WL 5520822, at *4 (Tex. App.—Corpus Christi–Edinburg Aug. 28, 2023, no pet.) (mem. op.). "Whether adverse possession has been established is ordinarily a question of fact." *Estrada v. Cheshire*, 470 S.W.3d 109, 123 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (citing *Bywaters v. Gannon*, 686 S.W.2d 593, 595 (Tex. 1985)); *Kazmir*, 288 S.W.3d at 561 (citing same).

### III.    DISCUSSION

Tucker and Hestia argue that they established a genuine issue of material fact as to each element of their adverse possession affirmative defense, precluding summary judgment on the Klimists' claims. For the reasons below, we agree.

### A.    Actual and Visible

"Actual" and "visible" are not defined by the adverse possession statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.021. We therefore give them their ordinary meaning. *See Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556, 563 (Tex. 2014). "Actual" means "existing in fact or reality." *See Actual*, MERRIAM-WEBSTER, https://www.merriam-

8

webster.com/dictionary/actual (last visited November 10, 2025); *see also McDuff v. Brumley*, No. 07-17-00248-CV, 2022 WL 3154818, at \*5 (Tex. App.—Amarillo Aug. 8, 2022, pet. denied) (mem. op.). "Visible" means "capable of being seen." *See Visible*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/visible (last visited November 10, 2025); *see also McDuff*, 2022 WL 3154818, at \*5.

Here, Tucker's affidavit avers that the stone retaining wall existed, beginning in 2006. The affidavit further provides that the Klimists could see the retaining wall, and a photo attached to the affidavit depicts the visibility of the stone retaining wall. Thus, a reasonable factfinder, accepting Tucker and Hestia's evidence as true, could conclude that Tucker and Hestia's possession was actual and visible. *See Actual*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/actual (last visited November 10, 2025); *Visible*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/visible (last visited November 10, 2025); *see also McDuff*, 2022 WL 3154818, at \*5.

B.    **Adverse and Hostile**

"Hostile" refers to possession that is "inconsistent with the rights of the true owner," and it does not require that the possessor and the true owner were hostile to one another personally. *Villarreal v. Guerra*, 446 S.W.3d 404, 413 (Tex. App.—San Antonio 2014, pet. denied) (citing *Tran v. Macha*, 213 S.W.3d 913, 915 (Tex. 2006)). Hostile possession "does not require an intention to dispossess the rightful owner, or even [knowledge] that there is one." *Kazmir*, 288 S.W.3d at 564; *Tran*, 213 S.W.3d at 915; *see also W. Harbour, LLC v. Orleans Harbour Homeowners Ass'n*, No. 14-23-00249-CV, 2024 WL 4850326, at \*10 (Tex. App.—Houston [14th Dist.] Nov. 21, 2024, pet. filed) (mem. op.). There must merely be "an intention to claim property as one's own to the exclusion of all others." *Tran*,

213 S.W.3d at 915; *Kazmir*, 288 S.W.3d at 564; *see also W. Harbour, LLC.*, 2024 WL 4850326, at *10.

Here, Tucker's affidavit provides that he erected a stone retaining wall in 2006 on the disputed area, and the wall remained there continuously until he replaced it with a concrete wall in 2020. A photo attached to the affidavit depicts higher grade and residential improvements on Tucker and Hestia's side of the retaining wall. The affidavit further provides that Tucker built the retaining wall to prevent erosion and establish the property boundary, and the retaining wall supports the structural integrity of Tucker and Hestia's house. Tucker and Hestia's conduct did not need to demonstrate that they knew the disputed area belonged to the Klimists or anyone else. *See Tran*, 213 S.W.3d at 915; *Kazmir*, 288 S.W.3d at 564; *see also W. Harbour, LLC*, 2024 WL 4850326, at *10. Their conduct must have merely demonstrated an intention to exclude others from using the area disputed. *See Tran*, 213 S.W.3d at 915; *Kazmir*, 288 S.W.3d at 564; *see also W. Harbour, LLC*, 2024 WL 4850326, at *10. Accepting Tucker's evidence as true, a factfinder could reasonably and fairly conclude that a stone retaining wall preventing erosion of land and structurally supporting nearby residential improvements is sufficient to satisfy the hostile and adverse element. *See Villarreal*, 446 S.W.3d at 413 (citing *Tran*, 213 S.W.3d at 915).

###### i. Counterargument

The Klimists cite various cases as support for their argument that appellees failed to raise a genuine issue of material fact as to the element of hostile possession. *See*

*Castillo*, 640 S.W.3d at 260; *Tran*, 213 S.W.3d at 915; *Ellis v. Jansing*, 620 S.W.2d 569, 571 (Tex. 1981). These cases, however, are distinguishable.

In *Castillo*, the court of appeals reversed the trial court's adverse possession finding following a trial where the claimant testified that (1) her dad used to park a car in a garage partly existing on the disputed area, and (2) she and her siblings, when living with their parents, would host friends and family who would park on the disputed area. 640 S.W.3d at 262. The appellate court held such evidence failed to establish that the disputed area was continuously used for the full ten-year statutory period. *Id*. at 264–65. Taking Tucker's evidence as true in this case, we conclude that there was evidence that the retaining wall existed at all times from 2006 until the present.

In *Tran*, the appellate court found that the adverse possession claim failed because the litigants' predecessors in interest were relatives who "shared use" of the disputed area. *Id*. Taking Tucker's evidence as true in this case, the parties did not "share" the disputed land because Tucker attested that he held exclusive and uncontested possession. And notably, the *Tran* court provided that while "building a structure on property may be sufficient evidence of adverse possession . . . . the record here shows only that [the claimant's predecessor] used the driveway and garage, not that she built them." *Id*. at 915. Here, Tucker attested that he built the encroaching retaining wall.

And in *Ellis*, the Texas Supreme Court held that where a claimant testified that he did not intend to claim any property other than that described in his deed, there was no evidence of adverse possession. 620 S.W.2d at 571. In contrast, Tucker's affidavit provides that he "intended the retaining wall to serve, in part, as notice to the world that all the land up to and underneath the wall belonged to" his company.

11

Thus, we reject the Klimists' argument.

## C.     Open and Notorious

Our jurisprudence long ago established that the focus of the open and notorious element is notice: "[i]f there is no verbal assertion of claim to the land brought to the knowledge of the landowner, the adverse possession must be so open and notorious and manifested by such open or visible act or acts that knowledge on the part of the owner will be presumed." *Orsborn v. Deep Rock Oil Corp.*, 267 S.W.2d 781, 787 (Tex. 1954). Today, our test is "whether the acts performed by the claimant on the land and the use made of the land were of such a nature and character as to reasonably notify the true owner of the land that a hostile claim was being asserted to the property." *Greak*, 481 S.W.3d at 332 (citing *Masonic Bldg. Ass'n of Houston, Inc. v. McWhorter*, 177 S.W.3d 465, 472 (Tex. App.—Houston [1st Dist.] 2005, no pet.)); *Bernal v. Chavez*, 198 S.W.3d 15, 19 (Tex. App.—El Paso 2006, no pet.); *Cherokee Water Co. v. Freeman*, 145 S.W.3d 809, 817 (Tex. App.—Texarkana 2004, pet. denied). Here, Tucker proffered photos clearly depicting the retaining wall, differing grade on each side, and adjoining residential improvements. His affidavit provided that the retaining wall structurally supports his house, has remained in place since 2006, and he continuously used and maintained the disputed area exclusive of others. Thus, a rational and fair-minded factfinder, accepting Tucker and Hestia's evidence as true, could conclude that Tucker and Hestia's possession sufficiently provided reasonable notice to the Klimists of a hostile claim and was thus open and notorious. *See id.*

### i. Counterargument

The Klimists cite *McAllister v. Samuels* and argue that because Tucker's retaining wall encroachment is a mere nine and a half inches wide, it did not provide reasonable notice as a matter of law. *See* 857 S.W.2d 768, 777 (Tex. App.—Houston [14th Dist.] 1993, no writ). In *McAllister*, an encroachment of nine inches was found insufficient to provide reasonable notice. *Id*. However, the encroachment was a mere fence and the adverse use alleged was grazing. *Id*. When the sole encroachment is a fence and the use asserted is grazing, Texas law requires that a successful adverse possession claim include proof that the fence was a designed enclosure rather than a causal fence. *Wells v. Johnson*, 443 S.W.3d 479, 490 (Tex. App.—Amarillo 2014, pet. denied) (citing *Rhodes v. Cahill*, 802 S.W.2d 643, 646 (Tex. 1990)). Under such inquiry, if the fence existed before the claimant took possession of the disputed area and he fails to demonstrate the purpose for which it was erected, then the fence is a casual fence. *Id*. In *McAllister*, the evidence demonstrated that the parties' predecessors in interest erected the encroaching fence by agreement for the purpose of keeping children and pets out. 857 S.W.2d at 772, 777. In contrast, the present case does not involve a mere fence but a retaining wall. It was not built by agreement. And taking Tucker and Hestia's evidence as true, it was built by Tucker for the purpose of preventing erosion and marking the property boundary.

Furthermore, the Klimists conceded on appeal that the casual fence doctrine is inapplicable in the present case. *See Seager*, 707 S.W.3d at 470 (citing *McDonnold v. Weinacht*, 465 S.W.2d 136, 142 (Tex. 1971) (holding the casual fence doctrine applies only "when the sole claim of a right to ownership is through grazing")); *see also Kothmann ex rel. Kody Kothmann 1992 Irrevocable Tr. v. Menzies*, No. 04-21-00451-CV, 2022 WL

13

2960225, at *4 (Tex. App.—San Antonio July 27, 2022, no pet.) (mem. op.) (same); *KB Tex. Invs., LLC v. Spiller*, No. 01-16-00068-CV, 2017 WL 372164, at *10 (Tex. App.—Houston [1st Dist.] Jan. 26, 2017, no pet.) (mem. op.) (holding the casual fence doctrine does not apply to residential neighborhood disputes).[6]

The Klimists also cite *Bywaters* and assert that Tucker and Hestia failed to provide "notice of hostile intent." *See* 686 S.W.2d at 594. In *Bywaters*, a hedge was originally planted by the developer on the edge of a lot. *Id*. After that lot was purchased by the claimant, the hedge grew out and veered onto the neighboring lot. *Id*. The claimant averred adverse possession over the area containing the hedge. *Id*. The *Bywaters* court found that maintaining, clipping, preserving, watering, and nurturing the existing hedge was insufficient to establish adverse possession. *Id*. at 595. However, in *Julien v. Baker*, our sister court distinguished *Bywaters* by highlighting that the *Julien* claimant presented sufficient evidence of hostile intent where she personally planted a hedge encroaching the neighboring lot for the purpose of marking the property line. 758 S.W.2d 873, 877 (Tex. App.—Houston [14th Dist.] 1988, writ denied). Similarly in the present case, Tucker attested that he erected the encroaching retaining wall for the purpose of marking the property's boundary. *See id.*

The Klimists cite *Hoffman v. Mena*, asserting that the mere erection of a fence "does not disclaim or negate [one's] ownership of . . . property outside the fenced area No. 03-19-00409-CV, 2021 WL 2460637, at *4 (Tex. App.—Austin June 17, 2021, no pet.) (mem. op.). However, the *Hoffman* court rejected the claimant's adverse possession claim

---

[6] The Klimists cite *Johns v. Grantom* which also involves the casual fence doctrine, and thus we do not address it herein. *See* No. 14-21-00266-CV, 2023 WL 4357432, at *1 (Tex. App.—Houston [14th Dist.] July 6, 2023, no pet.) (mem. op.).

14

because the claimant had not created the wooden fence at issue between the parties' properties. *See id.* Instead, the evidence showed that the record owner built the fence, and she built the fence prior to the claimant's moving in next door and for the purpose of keeping the previous neighbor's dog from seeing and attacking her rabbit. *Id.* Taking Tucker and Hestia's evidence as true in the present case, Tucker built the retaining wall to prevent erosion and mark the property boundary. *See id.*

Thus, we reject the Klimists' arguments.

### D. Peaceable

"Peaceable possession" refers to "possession of real property that is continuous and is not interrupted by an adverse suit to recover the property." TEX. CIV. PRAC. & REM. CODE ANN. § 16.021(3). Here, Tucker's affidavit avers that the stone retaining wall remained continuously from the time he erected it in 2006 until the time he replaced it with a concrete retaining wall in 2020. Tucker's affidavit further provides that the Klimists never expressed a concern about the property boundary until 2020. Thus, a reasonable and fair-minded factfinder, accepting Tucker and Hestia's evidence as true, could conclude that Tucker and Hestia held the disputed area in peaceable possession. *See id.*

### E. Exclusive

Joint use is insufficient; a claimant's possession of property "must be of such character as to indicate unmistakably an assertion of a claim of exclusive ownership in the occupant." *Tran*, 213 S.W.3d at 914 (quoting *Rhodes v. Cahill*, 802 S.W.2d 643, 645 (Tex. 1990)); *Seager*, 707 S.W.3d at 469. Here, Tucker's affidavit provides that he has possessed the disputed area in the manner discussed *supra* exclusively and that his possession was never challenged or complained of. Tucker's affidavit further provides

that the first time Klimist expressed concern about the property line was in 2020 when Tucker was replacing the stone retaining wall with the concrete retaining wall. Thus, a rational and fair-minded factfinder, accepting Tucker and Hestia's evidence as true, could conclude that Tucker and Hestia possessed the disputed area exclusively.

**F.      Continuous cultivation, use, or enjoyment for ten years**

"The character of use required to establish adverse possession varies with the nature of the land and with its adaptability to a particular use." *Kazmir*, 288 S.W.3d at 561. "The adverse possession claimant need only use the land for some purpose to which it is adaptable, and in the same manner an ordinary owner would use the property." *Id*.

Here, Tucker's affidavit provides that he built the stone retaining wall in 2006 and, for more than ten years, he continuously used and maintained the disputed area. It further provides that the retaining wall was built to prevent erosion and mark the property boundary. A photo attached to the affidavit shows differing grades on each side of the retaining wall with a higher grade on the Tucker side. The affidavit also provides that the retaining wall supports the structural integrity of the house. The photo additionally depicts near the retaining wall (1) columns supporting stairs and an elevated deck, and (2) a house. Further, Tucker's lot is .299 acres and contains a house on it; the Klimists' lot is .727 acres and contains a house on it. Both properties sit along the Louisiana and Texas Intracoastal Waterway in Port O'Connor. A rational and fair-minded factfinder, accepting Tucker and Hestia's evidence as true, could determine that the erection of a retaining wall that prevents erosion and supports residential improvements is a use for which an ordinary owner may employ on residential waterfront lots and thus that Tucker and Hestia continuously cultivated, used, or enjoyed the disputed area for ten years. *See id*.

16

## IV.  CONCLUSION

We find Tucker and Hestia raised a genuine issue of material fact as to each element of their adverse possession affirmative defense to the Klimists' claims. *See Parker*, 514 S.W.3d at 219; *Belew*, 692 S.W.3d at 361. The trial court erred by granting summary judgment in favor of the Klimists. *See Fortitude Energy, LLC*, 564 S.W.3d at 180; *Barrand, Inc.*, 214 S.W.3d at 143; *Bassett*, 145 S.W.3d at 699; *Bauer*, 946 S.W.2d at 555. Thus, we reverse the trial court's judgment and remand the case for further proceedings.

JON WEST
Justice

Delivered and filed on the
11th day of December, 2025.

17